505 P.2d 550

David O'HERN, Director of Elections, Pima County, Douglas B. Risner and Pima County, a body politic, Appellants,

v.

Sandy BOWLING, Appellee.

No. 10968.

Supreme Court of Arizona, In Banc.

Jan. 26, 1973.

3, Pima County. Since the judgment by the trial court arose out of a special action, we granted an application for acceleration of all appeal procedures pursuant to Rule 8(a), Rules of Procedure for Special Actions, 17 A.R.S. Oral argument on the issues of the appeal was heard on August 16, 1972, and thereafter on the same date the Court ordered that the judgment of the Superior Court be affirmed with a formal written opinion to follow in due course.

In April, 1972, the Board of Supervisors established the boundaries for five supervisorial districts in the county. One of these districts was designated Supervisorial District No. 3, and it is this district that the defendant, Douglas B. Risner, sought to qualify as a candidate for Supervisor subject to the Democratic primary. The plaintiff, Sandy Bowling, an elector of District No. 3, brought a special action in the Superior Court of Pima County to prevent the county official charged with preparing the official ballot from printing Risner's name on the ballot as a candidate for County Supervisor, District No. 3, because the defendant had not filed sufficient valid signatures on his nomination petitions. The issues were joined, the matters tried, and the judgment above described was rendered.

It is agreed by the parties that under applicable law the defendant Risner was required to file at least 78 valid signatures before he could qualify to have his name placed on the ballot for the primary election. He filed petitions containing 110 signatures. The parties by stipulation agreed that some 14 signatures were invalid, and the trial court for various reasons not material ruled out an additional number, but the crucial issue was the validity of seven pages of signatures which bore the certification of the defendant Risner. If the defendant's certification of the seven pages of signatures was invalid, he did not have sufficient signatures to qualify for placement on the ballot.

The plaintiff maintained that the certification by the defendant Risner was invalid because Risner was not a qualified elector

Risner, Wolf & Raven by Roger Conant Wolf, and Dennis W. DeConcini, Pima County Atty. by Rose Silver, Deputy County Atty., Tucson, for appellants.

David S. Wine, Tucson, for appellee.

HOLOHAN, Justice:

The defendant, Douglas B. Risner, appealed from the judgment of the Superior Court of Pima County which ordered that the name of the defendant not be placed on the ballot at the primary election for the office of County Supervisor, District No.

in Supervisorial District No. 3; therefore, he could not certify the nomination petitions. *See* A.R.S. § 16–304, subsec. B. The issue presented to us is whether the trial court was correct in finding that the defendant Risner was not a qualified elector of the district.

The evidence disclosed that on July 7, 1972, approximately a week before the final date for filing nomination petitions, the defendant Risner rented a duplex within the boundaries of the district, and on the same date he changed his voter registration from his previous precinct to the precinct which encompassed the rented duplex. The defendant Risner testified that he intended the duplex to be his home and residence for voting and all other purposes.

The rules for determining residency for voting purposes are governed by A.R.S. § 16–925. Subsection A, par. 1 of the cited statute provides:

> "The residence of a person is that place in which his habitation is fixed, and to which he has the intention of returning when absent."

and Subsection A, par. 9 provides:

> "The mere intention of acquiring a new residence without the act of removal avails nothing and neither does the act of removal without the intention."

■ The statutory provisions require that residence be a combination of physical presence and intention. This dual requirement is, of course, the long standing standard for determining residence. The intentions of a person are to be judged not only by his statements but also upon his conduct and the surrounding circumstances. *See* Arizona Board of Regents v. Harper, 108 Ariz. 223, 495 P.2d 453, 459 (1972).

The evidence presented by the defendant Risner was that prior to July 7, 1972, he had been living at a motel owned by his parents and that this location was a temporary place of abode until he could find another residence. The defendant Risner rented the duplex in question on July 7, 1972, and he testified that this was to be his residence. He concedes that in late June he left his parents' motel to live in his brother's apartment at an address which is outside of District No. 3, but the defendant Risner testified that this was a temporary arrangement as an accommodation to his brother who needed someone to care for the plants and animals on the premises while his brother was on vacation.

The evidence introduced by plaintiff was that the defendant Risner had rented the duplex on a month-to-month tenancy paying one month in advance; that he visited the premises occasionally; that he did not order the utility service transferred to his name; that he did not order telephone service; that he did not sleep at the duplex; that he did not furnish the duplex nor move his personal effects there. The plaintiff pointed out that the defendant has never claimed that he gave the post office a change of address for his mail to be delivered to the duplex.

The plaintiff argues that the foregoing factors are sufficient to show that the defendant did not intend the duplex to be his home, and that, therefore, he was not in fact a resident of the district. The defendant contends that he has shown both intention and physical presence which is all that is required to establish his claim of residence. He argues that the evidence offered by the plaintiff is insufficient to oppose the showing made by the defendant.

The evidence presented by the plaintiff was sufficient to raise a question as to the true intention of the defendant Risner by showing conduct which was inconsistent with his personal declaration of intention. It then became a matter for the trial court to weigh and determine the evidence. The trial court found the issues in favor of the plaintiff.

■ The trial court heard the evidence and resolved the conflicting claims in favor of the plaintiff and against the defendant. As we have so often said, the findings of the trial court as to the weight and effect of the evidence will not be disturbed, unless they are clearly erroneous. Me—,

cham v. United Bank of Arizona, 107 Ariz. 437, 489 P.2d 247 (1971). When the findings of the trial court are supported by reasonable evidence or based on a reasonable conflict of evidence, they will not be disturbed on appeal. In re Estate of Harber, 104 Ariz. 79, 449 P.2d 7 (1969).

From our consideration of the case, we find that there was substantial, reasonable evidence to support the findings made by the trial court and, therefore, the judgment is affirmed.

Affirmed.

LOCKWOOD, J., WILLIAM E. EUBANK, Court of Appeals Judge, and ED W. HUGHES, Superior Court Judge, Maricopa County, and FRANK X. GORDON, Jr., Superior Court Judge, Mohave County, concur.

HAYS, C. J., CAMERON, V. C. J., and STRUCKMEYER, J., did not participate in the determination of this matter. WILLIAM E. EUBANK, Court of Appeals Judge, Division One, ED W. HUGHES, Superior Court Judge, Maricopa County, and FRANK X. GORDON, Jr., Superior Court Judge, Mohave County, were called to sit in their stead.