576 P.2d 1380

Andy RUTHERFORD, Jr., a single man, Appellant,

v.

JOHN O'LEXEY'S BOAT & YACHT IN-SURANCE, LTD., a Foreign Corporation, Robert O. Cummins and Lee Roy C. Kellis dba Cummins & Kellis, Robert O. Cummins and Jane Doe Cummins, husband and wife, and Lee Roy C. Kellis, and Jane Doe Kellis, husband and wife, Appellees.

No. 1 CA–CIV 3506.

Court of Appeals of Arizona, Division 1, Department B.

Feb. 2, 1978.

Rehearing Denied Feb. 21, 1978.

Review Denied March 7, 1978.

Fogel & Lamber, P. A. by Dennis M. Lamber, Phoenix, for appellant.

Boettcher, Crowder & Schoolitz by Harry Schoolitz, Jr., Scottsdale, for appellee O'Lexey.

Jennings, Strouss & Salmon by Neil Vincent Wake, Grady Gammage, Jr., Phoenix, for Cummins & Kellis.

OPINION

JACOBSON, Judge.

On July 6, 1973, appellant, Andy Rutherford, Jr., entered the office of appellee, Cummins and Kellis Insurance Agency (Cummins & Kellis), to purchase liability

insurance in connection with the operation of a motorboat which he intended to use for the first time on the weekend of July 7–8, 1973.

After discovering that Mr. Rutherford's boat was home-made and which no standard company would insure, Mrs. Dorothy Harville, an employee of Cummins & Kellis, telephoned appellee, John O'Lexey's Boat and Yacht Insurance, Ltd., (O'Lexey), a California insurance company which insures sub-standard risks. O'Lexey informed Mrs. Harville that it would issue a temporary policy on the condition that the premium and completed application be submitted immediately, bearing a July 6, 1973 postmark.

When Mrs. Harville began filling out the application, she discovered that Mr. Rutherford did not have all the necessary information to complete the application. She again called O'Lexey and asked if the company would bind weekend coverage even though the application could not be completed and mailed until Monday, July 9, 1973. She was told that O'Lexey would bind coverage provided that a completed application was mailed on Monday. Mr. Rutherford was present when both phone calls were made.

The conversation which ensued subsequent to the second call was vigorously contested in the trial court. Mrs. Harville testified that she told Mr. Rutherford that the binder was conditioned upon his completing the application and making arrangements for premium payments no later than July 9, 1973. Mr. Rutherford testified that he was told unconditionally that he was insured.

Mr. Rutherford did not return to Cummins & Kellis on Monday and Mrs. Harville was unable to get the necessary information when she phoned him. She tried unsuccessfully to reach him by phone for several more days. Meanwhile, O'Lexey notified Cummins & Kellis on July 11, 1973 that no binder was in effect because the application and premium had not been received. On July 16, 1973, appellant completed the insurance application and a binder was effective from July 16th until the application was rejected for failure to meet underwriting standards on July 19, 1973. At this point, neither Cummins & Kellis nor O'Lexey had been informed that the Rutherford boat had been involved in an accident on July 8, 1973. Finally, on July 20, 1973, Rutherford informed Cummins & Kellis of the accident. After being told that he was not covered by insurance for the accident and having been sued for personal injuries by a passenger in his boat, Rutherford sued both Cummins & Kellis and O'Lexey for indemnification against any liability arising out of the accident. The trial court entered judgment for both Cummins & Kellis and O'Lexey.

Rutherford alleges as error on appeal: (1) that the trial court erred as a matter of law in finding that there was no insurance coverage for July 7–8, 1973; and (2) that the trial court erred in failing to find that Cummins & Kellis violated their duty to obtain insurance for him.

Initially, we note that the trial court did not make written findings of fact or conclusions of law. However, the record clearly shows that the trial court found the more accurate recollections of the insurance transaction to be those of Mrs. Harville rather than those of Rutherford. The critical fact determination for purposes of appeal is that Mrs. Harville communicated to Rutherford that temporary insurance coverage was conditioned upon Rutherford's submission of a completed application including a premium. This determination is supported by the record and we will not disturb the trial court's findings in this regard. *O'Hern v. Bowling,* 109 Ariz. 90, 505 P.2d 550 (1973); *Visco v. Universal Refuse Removal Co.* 11 Ariz.App. 73, 462 P.2d 90 (1969). Additionally, we note that even were the record less clear concerning the trial judge's factual determination, we would assume the necessary findings to support the judgment when no written findings of fact and conclusions of law are made. *Tencza v. Aetna Casualty and Surety Co.,* 111 Ariz. 226, 527 P.2d 97 (1974); *Harmon v. Hanson's Pump and Machine Works, Inc.,* 4 Ariz.App. 107, 417 P.2d 741 (1966).

Having accepted the determination that Rutherford was told that temporary insurance was effective provided that he submit a completed application on Monday, we conclude that a contract was created subject to a condition subsequent. O'Lexey offered a temporary policy (binder) subject to the condition of Rutherford's completion of the application by July 9. Rutherford accepted the offer. His promise to complete the application and pay the premium for permanent insurance was sufficient consideration to support this contract. *See, Pennsylvania Casualty Co. v. Upchurch,* 139 F.2d 892 (5th Cir., 1943); *Franklin v. Carpenter,* 244 N.W.2d 492 (Minn., 1976); 12 Appleman, Insurance Law and Practice, § 7222. A contract was in existence on the day of the accident. However, Rutherford's completion of the application by Monday was a condition that had to be performed before O'Lexey had any duty to perform. *See,* Restatement of Contracts § 250; 3 A Corbin, Contracts, § 628 (Rev. ed., 1960). Rutherford's failure to perform terminated his right to performance by O'Lexey.[1]

■ Appellant appears to argue that notwithstanding contract law, insurance companies should not be permitted to insert conditions subsequent in binders. The controlling statute is A.R.S. § 20–1120, which states in pertinent part:

"A. Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable endorsements as are designated in the binder, except *as superseded by the clear and express terms of the binder.* (emphasis added)

The express term of the oral binder between O'Lexey and Rutherford was that coverage was conditioned and depended upon Rutherford's application being mailed on the next business day. The statute does not limit the right of an insurer to create such conditional binders.

Appellant cites *Turner v. Worth Insurance Co.,* 106 Ariz. 132, 472 P.2d 1 (1970) as authority that a condition subsequent is impermissible in an insurance binder as a matter of public policy. The facts in *Turner* sharply contrast with those of the instant case. The condition subsequent in *Turner,* as interpreted by the insurance company, was that the binder would be effective only if a permanent policy were subsequently issued. Such a construction would have placed the insurance company in a position to simply refuse to issue a permanent policy if an accident occurred during the period of temporary coverage and absolve itself of any liability. It would also enable the insurer to charge a premium from the date of application rather than acceptance, even though the insurer was not bound to provide coverage until the date of acceptance. The *Turner* court held that it would be against public policy to permit insurance companies to be in a position to so oppress those seeking insurance. Control over the condition subsequent in *Turner* was solely in the hands of the insurer. Here, the insured only had control of the condition subsequent and had the power to cause the condition to be performed or to fail. There is no contention that Rutherford was in any manner prevented from exercising that condition.

There are sound economic reasons for an insurance company to require more than a mere promise to apply for permanent insurance in return for assuming a risk of temporary coverage. Absent overriding public policy considerations, the parties are free to contract for such conditions. *See,* 1 Couch, Insurance 2d, § 14.39 (2d ed., 1959). O'Lexey contracted with appellant for a completed application including a premium to be submitted by a designated date in exchange for immediate temporary coverage. There is nothing inherently oppressive in these

---

1. Although the trial judge spoke in terms of failure of consideration rather than failure of a condition subsequent, the correct result was reached. Where the trial court is correct in its final ruling, the reviewing court must affirm even though the trial court may have stated the wrong reason for its judgment. *A.I.D. Insurance Services v. Riley,* 25 Ariz.App. 132, 541 P.2d 595 (1975); *Riffle v. Robert L. Parker Co.,* 19 Ariz.App. 100, 505 P.2d 268 (1973).

contract terms. Appellant simply chose not to perform his part of the bargain. We therefore find that O'Lexey had no duty to provide insurance coverage for any liability incurred by appellant as a result of the July 8, 1973 boating accident.

We turn now to appellant's second claim of error. Appellant appears to argue that Cummins & Kellis ought to be held liable either because: (1) the agency had a duty to provide him with unconditional insurance, or (2) the agency told him that he was insured and he relied on this statement to his detriment. Appellant makes the bold assertion on appeal that ". . . should the insurance company somehow be absolved of liability on a finding that no binder issued, then it would appear obvious that the co-appellee, Cummins & Kellis, et al., must be held responsible by virtue of their failure to provide the insurance ordered . . . ." Nothing in the record supports the contention that Cummins & Kellis had agreed to obtain an unconditional binder for appellant. Appellant is simply attempting to re-argue factual determinations already resolved against him by the trial court.

The evidence below supports the conclusion that Cummins & Kellis did that which it agreed to do. It obtained an offer of insurance from its principal (O'Lexey) and accurately relayed the conditional terms of this offer to Rutherford. When Rutherford agreed to these terms, Cummins & Kellis was not obligated to seek out a different policy.

Rutherford also argues that Cummins & Kellis should have mailed the partially completed application along with a premium check in order to protect Rutherford. Appellant has shown us no basis for imposing such a duty. The only authority cited by appellant is wholly inapplicable to this case.[2] Cummins & Kellis did not contract with Rutherford to provide this service. Additionally, had Cummins & Kellis mailed the incomplete application, it would have violated express instructions from O'Lexey and consequently have breached its fiduciary duty to its principal. Restatement 2d of Agency, § 383.

Appellant's contention that Cummins & Kellis is estopped from denying insurance coverage because of an alleged statement by Mrs. Harville, telling Rutherford that he was unconditionally insured is merely another attempt to re-litigate facts decided against him at trial. As previously discussed, the record fully supports the trial court's finding that no such statement was made and we will not disturb these findings. *O'Hern v. Bowling, supra.*

For the reasons stated above, we find no reversible error. Judgment affirmed.

WREN, P. J., and EUBANK, J., concur.

---

2. *Oney v. Barnes,* 5 Ariz.App. 460, 428 P.2d 124 (1967) involved the liability of an insurance agent for an undisclosed principal. Liability was predicated upon either (1) the breach of an unconditional contract to procure insurance or (2) the agent's failure to notify his client of his inability to obtain insurance after reasonable efforts to obtain such insurance.