Mike RUSSELL and Diane Russell, Individually and as parents and next Friends of Melissa Russell, a minor, Plaintiffs,

v.

PRUDENTIAL PROPERTY & CASUALTY INSURANCE COMPANY, Appellee,

v.

Philip J. LaBONTE, Jr. a/k/a John Labonte, Third– Party Defendant,

and

Equity Fire & Casualty Insurance Company, c/o Lloyd A. Scherwinski, President, Appellant.

No. 80464.

Court of Appeals of Oklahoma, Division No. 3.

Nov. 23, 1993.

Stephen C. Wilkerson, Tulsa, for appellant.

Robert E. Jamison, Jr., Tulsa, for appellee.

*OPINION*

HUNTER, Presiding Judge:

On December 24, 1988, Philip J. LaBonte, third-party defendant in the case before the district court, was driving a 1972 Datsun when he became involved in an accident with a car driven by Diane Russell. Russell and her minor child, Melissa, were injured.

The Russells filed suit against their automobile insurance carrier, Prudential Property & Casualty Insurance Company (Prudential), under their uninsured motorist coverage. The Russells then settled their claim against Prudential.

Prudential filed a cross-claim against LaBonte. When LaBonte failed to answer, the district court granted Prudential's motion for default judgment. Prudential attempted to collect its judgment by bringing a garnishment action against LaBonte, naming Equity Fire & Casualty Company (Equity) as garnishee. The garnishment action was tried to the district court on stipulated facts.

Prudential argued that the car driven by LaBonte was insured on the date of the accident under a binder for insurance issued by Ricky Alan Blan, an insurance agent for Equity. In his deposition, Blan testified that Betty Jean LaBonte, Philip LaBonte's mother, had telephoned him around 4:00 on Friday, December 23, the day before the accident in question, to arrange coverage on the 1972 Datsun. When Ms. LaBonte told Blan that she could not come to his office that day, Blan agreed to fill out an application with Equity and to bind coverage until the following Monday or Tuesday, at which time Ms. LaBonte was to come into the office, sign the application, and pay the required premium. It is undisputed that the oral binder issued by Blan was conditioned upon Ms. LaBonte's signing the application and paying the premium by the next Monday or Tuesday.

Ms. LaBonte never signed the application and never paid a premium to Equity on the 1972 Datsun. She did not inform Blan about the December 24 accident until nearly a month later when she was attempting to arrange insurance coverage on another vehicle. At that time, Blan filled out an accident report which he forwarded to Equity.

The district court entered judgment in favor of Prudential. On appeal, Equity argues that issuance of an effective binder by Blan was subject to a condition subsequent: that Ms. LaBonte complete and sign the application for insurance and pay a premium within the stated time. Equity argues that it is relieved from its duty to perform under the oral binder because Ms. LaBonte failed to complete the agreed upon condition subsequent. Prudential argues that the oral binder created an enforceable contract. It argues that the effect of Ms. LaBonte's failure to sign the application and pay the premium served to cancel the premium at the end of the three days.

## STANDARD OF REVIEW

The historical facts in this case are not in dispute; the issue on appeal is a question of law subject to de novo review. *See Salve Regina College v. Russell,* 499 U.S. 225, 111 S.Ct. 1217, 113 L.Ed.2d 190 (1991).

## FINDINGS ON REVIEW

■ Under Oklahoma law, binders or other contracts for temporary insurance may be made orally. 36 O.S.1990 § 3622A. Nothing in the statute precludes an insurer from making a binder subject to a condition subsequent such as a requirement to complete an application and pay a premium. In fact, such a requirement is both prudent and reasonable. Nothing in the record explains why Ms. LaBonte failed to perform the condition subsequent as she had agreed. The question before this court is simply what effect her failure to perform had on Equity's duty to perform under the oral binder.

*Rutherford v. John O'Lexey's Boat & Yacht Insurance, LTD.,* 118 Ariz. 380, 576 P.2d 1380 (Ariz.Ct.App.1978) is a factually similar case involving an Arizona statute virtually identical to the Oklahoma Statute on binders.

Rutherford attempted to procure from O'Lexey's agent an insurance policy to cover his boat. When the agent determined that Rutherford did not have all the necessary information to complete the application, she called O'Lexey and arranged for a week-end binder conditioned upon Rutherford's mailing the premium and completed application the next Monday, July 9, 1973. Rutherford's boat was involved in an accident on July 8, but Rutherford did not complete the application or tender the premium until over a week later on July 16. His application was denied on July 19. The next day, Rutherford finally reported the accident.

*Rutherford* held that on the day of the accident an insurance contract was in effect, but that O'Lexey's duty to perform under the contract was terminated when Rutherford failed to perform the agreed upon condition subsequent. *Rutherford,* 576 P.2d at 1383. Had Rutherford mailed the completed application and premium by July 9, O'Lexey would have been obligated to provide insurance coverage for Rutherford's resulting liability.

■ We find the reasoning in *Rutherford* to be sound. Public policy does not preclude an insurer from requiring a reasonable condition subsequent in return for providing a temporary contract for insurance. We are not presented with a contract in which the condition subsequent was exclusively within the control of the insurer; such a contract would, no doubt, be void as against public policy. Here, as in *Rutherford,* the performance of the condition subsequent was totally in the hands of the would-be insured who simply chose not to perform.

Accordingly, the decision of the district court is reversed.

REVERSED.

GARRETT and BAILEY, JJ., concur.