NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS

### DIVISION ONE

---

IN RE: THOMAS C.

---

No. 1 CA-MH 16-0051 SP
FILED 3-23-2017

---

Appeal from the Superior Court in Maricopa County
No. MS2007-000009
The Honorable Nicole M. Brickner, Judge *Pro Tempore*

**AFFIRMED**

---

COUNSEL

Maricopa County Legal Advocate, Phoenix
By Kerri L. Chamberlin
*Counsel for Appellant*

Arizona Attorney General's Office, Phoenix
By Louis Caputo and Aubrey Joy Corcoran
*Counsel for Arizona Department of Health Services and Arizona Community
Protection and Treatment Center*

---

**MEMORANDUM DECISION**

Judge Maurice Portley delivered the decision of the Court, in which Presiding Judge Samuel A. Thumma and Judge Patricia A. Orozco[1] joined.

---

**P O R T L E Y**, Judge:

**¶1**         Thomas C. appeals from the superior court's denial of his petition for absolute discharge from commitment at the Arizona Community Protection and Treatment Center (ACPTC).  Finding no error, we affirm.

### FACTUAL AND PROCEDURAL BACKGROUND[2]

**¶2**         Thomas was found to be a sexually violent person (SVP) in August 2007 under Arizona Revised Statutes (A.R.S.) section 36-3705 (2017),[3] and was committed to the ACPTC for treatment.  Some eight years later, and after ACPTC filed its annual report, Thomas filed a petition for absolute discharge and requested a hearing.

**¶3**         The superior court held a hearing in May 2016, and the State, which had the burden of proof under § 36-3714(C), called Dr. Sarah Petty, psychologist, as a witness.  Dr. Petty prepared the annual report and testified, based on her observations, testing, and analysis, that it was her opinion that Thomas was still an SVP, was a danger to the public, and was likely to commit acts of sexual violence if released to the community or absolutely discharged.

---

[1] The Honorable Maurice Portley and the Honorable Patricia A. Orozco, Retired Judges of the Court of Appeals, Division One, have been authorized to sit in this matter pursuant to Article VI, Section 3 of the Arizona Constitution.

[2] We review the evidence in the light most favorable to upholding the superior court's ruling.  *In re Thomas R.*, 224 Ariz. 579, 582 n.2, ¶1, 233 P.3d 1158, 1161 (App. 2010).

[3] We cite to the current version of the statute unless otherwise stated.

**¶4** Thomas unsuccessfully challenged Dr. Petty's ability to testify as a "competent professional." And even though Thomas questioned Dr. Petty's familiarity with Arizona's SVP statutes and sexual offender treatment programs during cross-examination, the court denied his petition for absolute discharge, noting that "[b]ased on [] the totality of the evidence presented, the Court finds the State has proven beyond a reasonable doubt, that [Thomas's] mental disorder has not changed, that [Thomas] remains a danger to others, and that [Thomas] is likely to engage in acts of sexual violence if unconditionally discharged."

**¶5** Thomas filed a timely appeal, and we have jurisdiction pursuant to A.R.S. § 12-2101(A)(10).

## DISCUSSION

### I.    Dr. Petty's Competency to Testify as an Expert

**¶6** Thomas claims that Dr. Petty was not a competent witness because she did not meet the criteria for a competent professional as stated by A.R.S. §§ 36-3701(2) and -3714(C). He cites her failure to testify that she was familiar with State treatment programs outside of Maricopa County, her lack of experience treating sexually violent offenders, and limited experience—a year and a half—doing evaluations for the SVP program. We review the admission of expert testimony for an abuse of discretion. *State v. Davolt*, 207 Ariz. 191, 210, ¶ 69, 84 P.3d 456, 475 (2004) (in the context of Arizona Rule of Evidence 702).

**¶7** The determination of a witness's competence in a SVP case turns on the statute and the Arizona Rules of Evidence. Section 36–3701(2) defines a "competent professional" as one who is (a) familiar with the SVP statutes "and sexual offender treatment programs available in the state," and (b) is approved by the court, after meeting the court approved guidelines. And, in order to meet the court's guidelines, a witness would have to be qualified as an expert under Arizona Rule of Evidence ("Rule") 702 "by knowledge, skill, experience, training, or education." Ariz. R. Evid. 702.

**¶8** Here, although this was the first time Dr. Petty testified in a SVP case, she testified that she had conducted extensive examinations of sexually violent persons over several years, currently worked in the area of forensic psychology, and had experience with SVP evaluations. Additionally, her report and underlying data on Thomas were admitted without objection, along with her curriculum vitae ("CV"). Dr. Petty's CV described her professional training and experience including, for example,

her clinical experience in the area of psychosexual evaluations and risk assessments; her membership in the Association for the Treatment of Sexual Abusers; and her participation in trainings, seminars, and conferences on the subject of sexual abusers.

¶9 The superior court found that Dr. Petty was qualified to testify as a SVP expert. The court implicitly found, based on her testimony and CV, that Dr. Petty was, under § 36-3701(2), a competent professional by training, experience and study, and she was familiar with the SVP statutes and the state's treatment programs. *See Carrel v. Lux*, 101 Ariz. 430, 441, 420 P.2d 564, 575 (1966) (stating that determining expert witness competency is in the sound discretion of the trial court) (citation omitted). And given the implicit findings, which are supported by the record, she was competent to testify in the proceeding on an issue in dispute—whether Thomas's mental disorder has changed and whether he remains a danger to others and is likely to engage in acts of sexual violence if absolutely discharged from the SVP program. *See* A.R.S. § 36-3714(C). Because the superior court did not err in finding she was competent and her testimony was admissible, her credibility and "the weight and value to be given to [her] testimony are questions exclusively for the [fact-finder]." *State v. Cox*, 217 Ariz. 353, 357, ¶ 27, 174 P.3d 265, 269 (2007). Consequently, the superior court did not abuse its discretion by finding that Dr. Petty was competent to testify.

¶10 Thomas also argues that because Dr. Petty made a testing error on two actuarial assessments, which changed the numerical score, but did not change her opinion or recommendation, the court should have excluded her testimony in light of Rule 702. Thomas has shown no error.

¶11 First, Thomas did not object at the hearing. As a result, he has waived the issue on appeal. *See In re MH 2008-002659*, 224 Ariz. 25, 27, ¶ 9, 226 P.3d 394, 396 (App. 2010). More importantly, "[t]he overall purpose of Rule 702 . . . is simply to ensure that a fact-finder is presented with reliable and relevant evidence, not flawless evidence." *State v. Bernstein*, 237 Ariz. 226, 229, ¶14, 349 P.3d 200, 203 (2015) (quoting *State v. Langill*, 157 N.H. 77, 87, 945 A.2d 1, 10 (2008)). The rule "recognizes that trial courts should serve as gatekeepers in assuring that proposed expert testimony is reliable and thus helpful to the [trier of fact's] determination of facts at issue," but the court's "gatekeeping function is not intended to replace the adversary system;" including cross-examination, presenting contrary evidence, and being mindful of the burdens of proof as "the traditional and appropriate means of attacking shaky but admissible evidence." *Bernstein*, 237 Ariz. at 229, ¶11, 349 P.3d at 203 (quoting Ariz. R. Evid. 702 cmt. (2012)).

¶12        "Errors in the application of a generally reliable methodology . . . should not serve to exclude evidence unless they are so serious as to render the results themselves unreliable." *Bernstein*, 237 Ariz. at 229, ¶14, 349 P.3d at 203. "As long as an expert's scientific testimony rests upon good grounds, it should be tested by the adversary process—competing expert testimony and active cross-examination—rather than excluded from [the factfinder's] scrutiny for fear that they will not grasp its complexities or satisfactorily weigh its inadequacies." *Id.* at 230, ¶18, 349 P.3d at 204 (internal citation and quotation omitted).

¶13        Given that Thomas had the opportunity to fully cross-examine Dr. Petty about her testing errors in order to undermine her credibility, opinion, and recommendation, the superior court did not err by permitting Dr. Petty's expert testimony.

## II.    Sufficiency of the Evidence

¶14        Once a person is committed as an SVP, A.R.S. § 36-3714(B) allows the committed person to annually challenge his confinement. By statute, the State must prove "beyond a reasonable doubt that the person's mental disorder has not changed and that the person remains a danger to others and is likely to engage in acts of sexual violence if discharged." A.R.S. § 36-3714(C); *In re Leon G.*, 204 Ariz. 15, 23, ¶ 27 (2002) (construing "likely" to mean "highly probable" in the context of the SVP act).

¶15        Thomas argues that substantial evidence was not presented to establish beyond a reasonable doubt that he meets the statutory requirements for continued commitment. Specifically, he contends that there was insufficient evidence that there is a "likely" or "high probability" that he will commit future acts of sexual violence.

¶16        We will not disturb the findings of fact unless they are clearly erroneous. *O'Hern v. Bowling*, 109 Ariz. 90, 92, 505 P.2d 550, 552 (1973). If the findings "are supported by reasonable evidence or based on a reasonable conflict of evidence, they will not be disturbed on appeal." *Id.* at 93, 505 P.2d at 553; *accord Moreno v. Jones*, 213 Ariz. 94, 98, ¶ 20, 139 P.3d 612, 616 (2006). We will not reweigh the facts. *See State v. Lewis*, 224 Ariz. 512, 516, ¶ 21, 233 P.3d 625, 629 (App. 2010).

¶17        Here, Dr. Petty testified that it was her opinion that Thomas would recidivate if discharged, which was based on her review of treatment and psychiatric records, annual reviews filed with the court, an interview conducted with Thomas, and completion of multiple standardized risk

assessments.[4]    Additionally, Dr. Petty found that Thomas possessed multiple dynamic risk factors which "increased his risk for reoffending." And she noted that Thomas "displayed an ongoing pattern of difficulty controlling his anger, poor emotional regulation, limited treatment involvement, lack of taking responsibility for his actions, and lack of insight into his actions and motivations." She concluded that Thomas was unable to demonstrate a "long-term change" in concerning behaviors because he has not actively participated in treatment while committed. Consequently, given the testimony and exhibits, the superior court did not abuse its discretion by finding that Thomas was likely to engage in acts of sexual violence because each of Dr. Petty's detailed concerns constitute evidence of the element of "likely to engage in acts of sexual violence if discharged." A.R.S. § 36-3714 (C).

¶18        Based on Dr. Petty's testimony, including the admission of her detailed Annual Progress Review, and other exhibits, the superior court properly found beyond a reasonable doubt that Thomas's mental disorder had not changed, he remained a danger to others, and was highly likely to engage in sexual violence if released.

## CONCLUSION

¶19        For the foregoing reasons, we affirm the judgment.



AMY M. WOOD • Clerk of the Court
FILED:  AA

---

[4]        Thomas asserts that because the score on a risk assessment correlates to a 17.3 percent risk of reoffending within five years, he was not "likely" to reoffend. This court, however, does not rely solely on actuarial assessments when reviewing a finding of "high probability" of reoffending. And we do not exclude consideration of additional, non-standardized observations in a determination of whether someone is "likely to engage in future acts of sexual violence." A.R.S. § 36-3714(C).