No. 39,502

GLENORA L. BRADFORD, *Appellee,* v. ALVIN MEYERS SMITH and LAVERNE MAY SMITH, *Appellants.*

(276 P. 2d 366)

Opinion filed November 13, 1954.

*Justus N. Baird,* of Kansas City, argued the cause and was on the briefs for the appellants.

*T. F. Railsback,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

SMITH, J.: This was an action for the possession of real estate. Judgment was for the plaintiff. Defendants have appealed.

The petition described the real estate in question by metes and bounds; stated that plaintiff was the owner of the legal title and entitled to possession and that defendant was unlawfully keeping her out.

The answer of defendants admitted plaintiff was the owner of the real estate and described it by the same metes and bounds but from a different starting point; denied that plaintiff was the legal owner of it other than was admitted and denied that defendants had ever interferred with her possession of any real estate, to which she was entitled.

There is not a great deal of dispute about the facts. The controversy involves what is called Lot 4 in subdivision of the Christine Brune estate in Wyandotte county. The subdivision was created by the filing of a plat by the heirs of Christine Brune in July, 1931. While the term "lots" is used they are not lots as generally spoken of as town lots but are irregular parcels of the original estate as divided by these heirs. Lot 4 is bounded on the south by Roswell Avenue, on the east by Christine Street, on the north by Spring Avenue and on the west by the J. S. Brune Road.

At the trial conveyances were introduced which showed plaintiff to have the title to a tract of land in the southwest corner of Lot 4, described as follows: Commencing at the southwest corner of Lot 4 in the subdivision of the Christine Brune estate, Wyandotte county, Kansas, thence east 300 feet, thence north 110 feet, thence west 300 feet, thence south 110 feet to the beginning, being part of Lot 4 in the subdivision of the Christine Brune estate, being in Section 34, Township 10, Range 24, Wyandotte county, Kansas. Conveyances were also introduced showing defendants to have the title to all of Lot 4 except a tract described as above.

The dispute arose because the defendants claim the starting point of the description of plaintiff's land should be the intersection of the center line of Roswell Avenue and Brune Road, while the plaintiff claims the starting point of her description should be at the intersection of the north line of Roswell Avenue and the east line of Brune Road. If the defendants should be correct, this would make a difference in the land owned by plaintiff of 20 feet at the east end of her property and 20 feet of the north side.

The trial court found that the proper starting point of the description of plaintiff's land was at the intersection of the north line of Roswell Avenue with the east line of the J. S. Brune Road rather than at the intersection of the middle line of these two streets. Judgment was entered accordingly.

Both parties rely here on what is referred to as Exhibit 6. This is a reproduction of the original plat of this subdivision. It was filed by the heirs of Christine Brune July 10, 1931. It should be noted that a reproduction of this plat without the writing that was a part of it was made a part of appellants' abstract, while a photostatic copy of it, writing and all, was made a part of appellee's counter abstract.

Defendants argue that the plat showed the boundary lines of the lots in the subdivision to be the middle line of the various streets, and compelled a finding by the trial court that such were the boundaries. Presumably this argument is based on the fact that the plat does show a line drawn down the center line of these streets.

We cannot agree with defendants. We refer to the photostatic copy of this plat in appellee's counter abstract. This shows in writing signed by the parties who were filing the plat, amongst other statements, the following:

"The parcels intended for public use are Streets the names extent and direction of which are hereon shown and they are hereby dedicated to the public for use as such."

This plat was filed pursuant to G. S. 1949, 19-2633. That section provides as follows:

"Any person, partnership or corporation owning land outside the limits of any incorporated city, said land being located more than one mile from the limits of any incorporated city, desiring to subdivide any such tract of land, may plat the same and submit the plat thereof, together with an abstract of title to the land so platted, to the board of county commissioners of the county in which such land is situated. The plat shall contain a description of the land as subdivided, giving the name of said subdivision, and the restrictions to which the land or separate tracts thereof are subject. When said plat is

approved by the board of county commissioners of the proper county, the same shall be filed with the register of deeds of said county, and after the filing of said plat with the register of deeds the various tracts or parcels of land therein may be conveyed by the description designated in said plat, and said land and tracts shall be subject to the restrictions contained in the plat filed with the register of deeds as above provided, and the instrument conveying such tracts or parcel of land shall contain the recital subject to existing restrictions contained in the plat of such land now on file in the office of the register of deeds."

In *Luttgen v. Ergenbright,* 161 Kan. 183, 166 P. 2d 712, we considered a somewhat analogous question and said:

"Where lands are platted into lots and blocks, and streets and alleys are dedicated to public use, the fee to the streets and alleys is in the county (see *Douglas County v. City of Lawrence,* supra) and a purchaser of a particular lot obtains no interest in the street in front or the alley in the rear of his lot."

This plat stated parcels intended for public use were streets and were dedicated to the public for use as such and tracts described as lots were shown with boundaries.

Such is a clear provision that the streets and their boundaries were one thing and the lots another. The streets were no part of the lots. This is the view the trial court took.

The judgment of the trial court is affirmed.