412 P.2d 878

**Benjamin Baker MOEUR, Jr., and Herma C. Moeur, his wife, Appellants,**

v.

**CITY OF TEMPE, Hugh E. Laird, Rudy Campbell, Frank Connolly, Clyde Gilliland, Art Livingston, Dr. Ross Rice, L. Alton Riggs, and Arthur Bunger, Appellees.***

**No. 1 CA–CIV 289.**

Court of Appeals of Arizona.

April 14, 1966.

* This appeal was filed with the Arizona Supreme Court and assigned that court's No. 7552. The matter was referred to this court pursuant to A.R.S. § 12–120.23.

Beer & Kalyna, By Olgerd W. Kalyna, Phoenix, for appellants.

James R. Holman, Former City Atty., Douglas MacArthur, City Atty., Tempe, for appellees.

HATHAWAY, Judge.

The appellants (plaintiffs below) brought suit in the Maricopa county superior court against appellees (defendants below) seeking to recover damages allegedly sustained by them for impairment of their security interest in certain real property situate in Maricopa county. This appeal is taken from a judgment entered in favor of the defendants.

Construing the evidence most favorably in support of the judgment, the following facts are disclosed. On October 15, 1887, a map showing business and villa sites for sale by the Tempe Land and Improvement Company and also indicating blocks, lots, streets and alleys was recorded in the Mari-copa County Recorder's office. Subsequently on June 19, 1893, the same land company recorded in the office of the Maricopa County Recorder, in Book Two of Maps at page 26, a similar map which contained the following statement, duly acknowledged by the president of the Tempe Land and Improvement Company on behalf of said company:

"This plat of Lots, Streets and Alleys being a subdivision of the Southwest quarter and the South half of the Northwest quarter of Section Fifteen, Township One North of Range Four East of Gila and Salt River Base and Meridian situate in Maricopa County, Territory of Arizona, is hereby published as the complete plan and survey thereof and *the said Streets and Alleys* upon the recording thereof in the County Recorder's Office of said County *are dedicated to the public for their use limited as herein set out.* The undersigned publisher of said plat and dedicator of said Streets and Alleys in said act of dedication expressly reserves to its self, successors or assigns the exclusive right to laying and maintaining car tracks for street cars, motor power, Electric or Cable railways, pipes, and mains for water pipes and mains for gas or not using the said privilege to grant the same to others, and it limits the use of said streets and alleys to light vehicles and such as are drawn by not more than two animals." (Emphasis supplied)

The boundary lines of the platted streets abutting the realty involved in this litigation were the same at the time of trial. The subject property, a corner lot within the aforementioned recorded map, was purchased by Mr. Moeur's mother who planted some palm trees between the property lines and the centers of the abutting streets. Mr. Moeur inherited this property from his mother and subsequently conveyed it to Mr. and Mrs. Hilstrom, taking back a note in the amount of $7,279.50, secured by a realty mortgage which was recorded. Approximately two and one-half years later, Mocur

subordinated his mortgage to a later one thereby giving the latter mortgage priority. The Moeur mortgage referred to the subject property as "the East 100 feet of the South 120 feet of Block Ten (10) of West Tempe as per map. * * *" This mortgage description did not include any portion of the abutting streets.

In 1957, mortgagor-owner Hilstrom arranged with the City of Tempe to remove the palm trees from the streets adjacent to his property. Shortly thereafter four trees were excavated by City employees and transplanted in a street abutting certain motel property. In 1959, the remaining eight trees were removed by City employees and planted on the municipal golf course. Hilstrom was paid a total of $480 by the City for the trees. (The City received $480 from the motel for the four trees transplanted in 1957.)

Sometime after the trees had been removed, the first mortgage holders successfully prosecuted a foreclosure action and purchased the property at the foreclosure sale for the amount of their judgment. The Moeur judgment, recovered in the same action, was never satisfied.

The theory on which the Moeurs instituted their lawsuit against the City of Tempe was that the City's removal of the palm trees from the streets abutting the Hilstrom property constituted a wrongful impairment of their security interest thereby rendering the City liable for damages sustained by the Moeurs. It was their contention that the trees were part of the mortgaged realty, that their removal caused a considerable decrease in the value of the mortgaged property and that such devaluation necessarily resulted in a foreclosure sale price insufficient to satisfy their judgment.

■ No findings of fact or conclusions of law having been requested, none were given. In the absence of findings of fact, we must affirm the judgment if possible on any theory within the issues and supported by the evidence. Gabitzch v. Cole, 95 Ariz. 15, 18, 386 P.2d 23 (1963); Colvin v. Superior Equipment Co., 96 Ariz. 113, 117, 392 P.2d 778 (1964); Ensign v. Bohn, 1 Ariz. App. 386, 389, 403 P.2d 321 (1965).

The key issue to be resolved on this appeal is ownership of the streets abutting the mortgaged property. The Moeurs contend that the Hilstroms owned the property to the center line in the abutting streets subject only to an easement in the City for street purposes. The City, on the other hand, denies such property interest, claiming that the fee interest is vested in the City by virtue of a statutory dedication. Referring back to the statement of dedication contained in the map filed for record on June 19, 1893, we note the language therein used evidences the grantor's animus dedicandi:

"And the said Streets and Alleys upon the recording thereof * * * are dedicated to the public for their use. * *"

The limitations imposed upon the use of the streets are not relevant. The reservation of rights in the streets, neither expressly nor by implication constitute a retention by the grantor of a right to plant or maintain trees in the platted streets. Plaintiffs however, make no claim to such right as successors in interest to the original grantor. Therefore for purposes of this appeal we need not consider these provisos and may confine ourselves to consideration of the question of the legal effect of the 1893 filing.

The applicable statute, forerunner of our present statute A.R.S. § 9–254, is Para. 611 of the Revised Statutes of Arizona, 1901. Its effective date was April 12, 1893 and it provided:

"Upon the filing of any such map or plat, the fee of all streets, alleys, avenues, highways, parks and other parcels of ground reserved therein to the use of the public, shall vest in such city or town, if incorporated, in trust, for the uses therein named and expressed; or if such town be not incorporated, then in the county until such town shall become incorporated, for the like uses."

It is interesting to note, in passing, that the descriptive word used to designate the scope of Para. 611 is "TITLE." When the map which allegedly gave rise to the dedication was filed and recorded by the Tempe Land and Investment Company in June 1893, other statutory provisions in effect required that the map set forth lots and blocks and dimensions thereof and all streets, alleys, avenues and the width thereof; that the proprietor making such map shall acknowledge the same and cause a copy thereof to be filed in the office of the county recorder. See 1901 Code, Paras. 607, 608.

■ It is clear that paragraph 611 provides for a statutory dedication. In this jurisdiction, it is well settled that the making and recording in the county recorder's office of a plat showing lots, blocks, dimensions thereof and width of all streets coupled with the sale of lots therein, constitutes a dedication of such streets, and use thereof by purchasers of lots and the general public constitutes sufficient acceptance of the dedication, by which the fee in the dedicated property passes to the county in trust for the public for the uses therein described. Edwards v. Sheets, 66 Ariz. 213, 218, 185 P.2d 1001 (1947); Allied American Investment Co. v. Pettit, 65 Ariz. 283, 290, 179 P.2d 437 (1947); Drane v. Avery, 72 Ariz. 100, 102, 231 P.2d 444 (1951).

■ Plaintiffs have neither alleged nor proved that there has not been substantial compliance with the statutory requirements essential to a valid statutory dedication, thereby rendering it ineffective as such. We are of the opinion that the map as filed on June 19, 1893 showing the blocks,

lots, streets and avenues with their respective locations, dimensions and boundaries complied with the statutes applicable to statutory dedication and the effect of filing same was to convey the fee[1] in the streets to Maricopa county in trust for the public. Upon incorporation of the City of Tempe in 1894, the fee thereupon vested in the City. See Para. 611, supra. Consequently, the fee passed from the dedicator, differing in this respect from a common-law dedication where the fee remains with the dedicator subject to the public's use for the dedicated purpose. Allied American Investment Co. v. Pettit, supra; 11 McQuillin, Municipal Corporations, 3d ed., §§ 33:68, 33:69 and cases cited therein.

■ Thus there is no merit to plaintiffs' claim that their mortgage included the property located within the abutting streets to the center line of the streets. Where lands are platted into lots and blocks and streets are dedicated to the public use, and where, as here, the filing of such plat vests the fee in the municipality, a purchaser of a particular lot acquires no interest in the streets. See Bradford v. Smith, 177 Kan. 120, 276 P.2d 366, 367 (1954). An abutting landowner who voluntarily improves streets to which he has no title or right acquires no right to continue to maintain thereon that which he has erected. See City of Quincy v. Sturhahn, 18 Ill.2d 604, 165 N.E.2d 271, 277, 81 A.L.R.2d 1425 (1960).

■ A mortgage gives the mortgagee no greater interest than the mortgagor possesses. 59 C.J.S. Mortgages § 183. Such being the case, plaintiffs' mortgage did not include any part of the soil within the abutting streets nor the trees growing thereon.

1. Accord, Langston City v. Gustin, 191 Okl. 93, 127 P.2d 197; Village of Grandville v. Jenison, 84 Mich. 54, 47 N.W. 600; U. S. Bung Mfg. Co. v. Cincinnati, 73 Ohio App., 80, 54 N.E.2d 432; White v. Salt Lake City, 121 Utah 134, 239 P. 2d 210; Board of Jefferson County Com'rs v. City of Oskaloosa, 80 Kan. 587, 102 P. 1095; Kelroy v. City of Clear Lake, 232 Iowa 161, 5 N.W.2d 12; St. Clair County Housing Authority v. Southwestern Bell Tel. Co., 387 Ill. 180, 56 N.E.2d 357 (base fee); Mochel v. Cleveland, 51 Idaho 468, 5 P.2d 549 (determinable fee); Washington Blvd. Beach Co. v. City of Los Angeles, 38 Cal.App.2d 135, 100 P.2d 828; Thorndike v. City of Milwaukee, 143 Wis. 1, 126 N.W. 881; West Michigan Park Ass'n v. Dept. of Conservation, Mich.App., 139 N.W.2d 758 (base fee).

Having no security interest in the trees, it necessarily follows that there could be no impairment of same.

Since resolution of the question of ownership of the streets is dispositive of this appeal it is unnecessary to discuss the other assignments of error. For the reasons herein expressed, the judgment is affirmed.

KRUCKER, C. J., and MOLLOY, J., concur.

NOTE: This cause was decided by the Judges of Division Two as authorized by A.R.S. § 12–120, subsec. E.