417 P.2d 741

Richard F. HARMON, dba Harmon Ranches of Aguila, Appellant,

v.

HANSON'S PUMP & MACHINE WORKS, INC., an Arizona corporation, Appellee.

No. 1 CA–CIV 244.

Court of Appeals of Arizona.

Aug. 31, 1966.

Rehearing Denied Oct. 3, 1966.

Review Denied Nov. 1, 1966.

Rawlins, Ellis, Burrus & Kiewit, by Chester J. Peterson, Phoenix, for appellant.

Richmond, Ajamie & Fay, by William J. Richmond, Phoenix, for appellee.

CAMERON, Judge.

Plaintiff, Hanson's Pump and Machine Works, Inc., sued the defendant, Richard F. Harmon, upon an oral contract for the repair of a 400 horsepower water pump motor on defendant's farm in Aguila, Arizona. The matter was tried before the court without a jury, and from a judgment in favor of the plaintiff in the amount of $3,318.13 plus costs, the defendant brings this appeal.

We are called upon to determine whether there was a sufficient variance between the allegata and probata to deny plaintiff judgment.

The facts necessary for a determination of this matter on appeal are as follows: Defendant Richard Harmon, dba Harmon Ranches of Aguila, requested that the plaintiff repair a 400 horsepower Peerless Water Pump Motor on defendant's ranch near Aguila, Arizona. This pump and motor had been first installed in 1958. The repairs were made after a discussion between the Field Sales Engineer of the plaintiff and Mr. Hanson. The testimony of the engineer is as follows:

"He said, 'My sand power is burning up, I need water'. I told him at that time I didn't have a loaner I could put up there, that the motor would have to come in and be rewound. He said, 'How long would it take to do this?', and I said by putting a rusher on it we should have it out in a couple of days at the location."

This was done and the testimony at the trial indicates that the charges in the amount of $3,318.13 were fair and reasonable for the services performed.

The testimony indicates that there was a ninety day warranty on the motor, and within that period of time the motor burned out. Plaintiff "made good" on the warranty, and replaced the motor on the pump with a "brand new and rewound motor" out of plaintiff's stock and put it on the well at the ranch.

Defendant failed to pay the amount for the repair, and plaintiff sued alleging:

"That the oral contract so entered into was duly and carefully performed in a good and workmanlike manner by the plaintiff and that the fair and reasonable cost of such work, services, parts and supplies as were required to restore said irrigation pump motor to working condition was the sum of three thousand, five hundred, twenty-nine dollars and sixty-three cents ($3,529.63)."

Defendant answered by filing what was, in effect, a general denial, and during the

trial objected to testimony concerning the replacement pump and other acts which would show that plaintiff had "made good" the warranty, said objections being made on the basis that such matters were outside the pleadings.

■ No findings of fact or conclusions of law were requested by the parties and none were given. We must therefore affirm if possible on any theory within the issues and supported by the evidence. Moeur v. City of Tempe, 3 Ariz.App. 196, 412 P.2d 878 (1966), Ensign v. Bohn, 1 Ariz.App. 386, 403 P.2d 321 (1965).

Defendant on appeal contends quite simply that plaintiff having claimed damages under an oral contract for repair and that since the repaired motor "burned out", the issue raised by the pleadings of whether or not plaintiff duly and carefully performed the original repairs in a good and workmanlike manner, has been answered in the negative and under the state of the pleadings the plaintiff may take nothing.

Defendant cites Nalbandian v. Byron Jackson Pumps, Inc., 97 Ariz. 280, 399 P.2d 681 (1965), for the proposition that where there is an expressed warranty a defendant merely need show that the warranted equipment failed during the warranty period. We do not disagree with this statement, but we do not believe it applicable to the case at bar. This is not a suit on a breach of warranty because it is clear from the facts that the plaintiff made good the warranty during the warranty period. We fail to see how the defendant can ask for anything more than he received from plaintiff. The evidence is clear that there was an oral agreement between plaintiff and defendant to perform services to restore the motor for defendant's farm. Plaintiff performed these services and warranted the workmanship and material for a period of ninety days. Within said period of ninety days, the motor failed and the plaintiff made good his warranty by furnishing and installing, free of any additional charge, a rebuilt motor.

■ It is true that the allegata and probata must correspond, Commerce Mortgage Co. v. Title Realty Corp., 78 Ariz. 304, 279 P.2d 717 (1955), McNeill v. Marberry, 72 Ariz. 128, 231 P.2d 754 (1951), but a variance between the proof and pleadings is insufficient as a basis for a reversal by this Court without a showing of prejudice to the adverse party. A variance is fatal only where it has misled or may serve to mislead the adverse party. It has been stated:

"Variance from pleadings is allowed upon trial, unless it has actually misled the adverse party to his prejudice, (which must be proved to satisfaction of the court) in maintaining his action or defense upon the merits." Richards v. Farm-Orama Associates, 3 Ohio Misc. 13, 206 N.E.2d 239, 248 (1965).

And:

"The niceties of procedure and pleading make fine intelligence games for lawyers but should never be used to deny ultimate justice." Godina v. Oswald, 206 Pa.Super. 51, 211 A.2d 91, 93 (1965).

■ We do not find from the facts in the instant case that the defendant was misled by the pleadings. Defendant knew the nature of the suit and the extent of plaintiff's demand. The facts upon which the court could and did base its judgment were basically uncontroverted and well known to defendant. We do not feel it unjust or inequitable that defendant now be required to pay the amount due for the services rendered.

Judgment affirmed.

STEVENS, C. J. and DONOFRIO, J., concur.