578 P.2d 1022

James R. ARMSTRONG, Appellant,

v.

CITY COURT OF the CITY OF SCOTTS-
DALE, E. L. Boyle, Magistrate, City
Prosecutor, City of Scottsdale; CITY
OF SCOTTSDALE, Real Party in Inter-
est, Appellees.

No. 1 CA–CIV 3942.

Court of Appeals of Arizona,
Division 1,
Department B.

March 9, 1978.

Rehearing Denied April 7, 1978.

Review Denied May 9, 1978.

Treon, Warnicke, Dann & Roush, P. A. by
B. Michael Dann, Phoenix, for appellant.

Richard Filler, Scottsdale City Atty.,
Richard R. Zielinski, Scottsdale City Prose-
cutor, Lance F. Jacobs, Former Scottsdale
City Prosecutor, Scottsdale, for appellees.

OPINION

EUBANK, Presiding Judge.

This case originated in the City Court of
Scottsdale, where appellant Armstrong was
charged with violating A.R.S. §§ 13–893(2)
and 13–893(3).[1] The city court magistrate
denied appellant's motion to suppress cer-
tain items of evidence. The appellant
sought special action relief in the superior
court, and appeals from the superior court's
denial of that relief. See Rule 8(a), Rules
of Procedure for Special Actions, 17A
A.R.S. We affirm the superior court's dis-
missal of appellant's petition for special ac-
tion.

■ The Judgment of the superior court
simply contains a denial of special action
relief, without specifying the reasons for
the denial. In reviewing such a judgment,
this court will uphold the trial court for any

1. A.R.S. § 13–893 (1956) states:

A person is guilty of a misdemeanor who,
with intent to injure or defraud:

* * * * * *

2. Makes a connection with a main or
service line for conducting or supplying elec-

tricity in such manner as to procure electrici-
ty without it passing through the meter pro-
vided for measuring and registering the
quantity consumed, or in any other manner
so as to avoid payment therefor.

3. Injures or alters an electric meter or
obstructs its action.

valid reason disclosed by the record. *See Camacho v. Gardner*, 6 Ariz.App. 590, 593, 435 P.2d 719, 722 (1967), *modified on other grounds*, 7 Ariz.App. 483, 441 P.2d 249 (1968), *vacated on other grounds*, 104 Ariz. 555, 456 P.2d 925 (1969); *Harmon v. Hanson's Pump & Machine Works, Inc.*, 4 Ariz. App. 107, 109, 417 P.2d 741, 743 (1966). Our review of the record in this case convinces us that the superior court properly denied special action relief.

 A court's decision to accept a special action is discretionary. *See Wicks v. City of Tucson*, 112 Ariz. 487, 488, 543 P.2d 1116, 1117 (1975). Special action relief is only appropriate·if other remedies are not equally plain, speedy, and adequate. *See Genda v. Superior Court, County of Pima*, 103 Ariz. 240, 242, 439 P.2d 811, 813 (1968); *Caruso v. Superior Court, County of Pima*, 100 Ariz. 167, 171, 412 P.2d 463, 465–66 (1966). Here, appellant has an adequate remedy by appeal to the superior court from the city court following the trial of his guilt or innocence. *See* A.R.S. § 12–124 (1956); *Crouch v. Justice of Peace Court of Sixth Precinct*, 7 Ariz.App. 460, 463, 440 P.2d 1000, 1003 (1968). If he is acquitted, no appeal is required. The expense and delay which appellant would experience in going through a trial and, if convicted, an appeal, does not, in our opinion, justify granting special action relief. *See Caruso, supra.* Under the circumstances, we find no error in the superior court's denial of special action relief in this case.

The denial of special action relief is affirmed, and the matter is remanded to the city court for trial or other appropriate disposition.

JACOBSON and OGG, JJ., concur.