626 P.2d 1106

**Zane BIGLER and Ruby Bigler, husband and wife, Plaintiffs/Appellees-Cross Appellants,**

**v.**

**GRAHAM COUNTY, a Body Politic, Glenn H. Dowdle and Jean P. Dowdle, husband and wife, Defendants/Appellants-Cross Appellees.**

**Glenn H. DOWDLE and Jean P. Dowdle, husband and wife, Cross Claimants/Cross Appellees,**

**v.**

**GRAHAM COUNTY, a body politic, Cross Defendant/Cross Appellant.**

**No. 2 CA–CIV 3634.**

Court of Appeals of Arizona, Division 2.

Jan. 23, 1981.

Rehearing Denied March 11, 1981.

Review Denied March 31, 1981.

---

Law Offices of Paul G. Rees, Jr., P.C. by H. Micheal Wright, Tucson, for plaintiffs/appellees-cross appellants.

Jack M. Williams, Graham County Atty., Safford, for defendant/appellant-cross appellee and cross defendant/cross appellant.

Leonard M. Bell, Scottsdale, for defendants/appellants-cross appellees and cross claimants/cross appellees.

## OPINION.

HOWARD, Judge.

Does adverse possession run against the state holding land for a tax sale for non-payment of taxes? If not, can title to such land be acquired by estoppel? We answer both of these questions in the negative.

The property in dispute is a 20-acre parcel of farm land in Safford, Graham County, Arizona. It was originally deeded by patent in 1910 to W. D. Spear. Spear deeded the property to Crotts and it was subsequently deeded to S. G. Fullerson who in 1929 deeded the property to Margaret Fullerson. The property was struck off to the state in 1930 pursuant to a sale for delinquent taxes as there were no bidders and in 1934 the treasurer's deed conveyed the

property to "County of Graham, State of Arizona."

In 1933, a collateral chain of title began when W. D. Spear conveyed the same property to F. L. Lee. Subsequent conveyances in this chain terminated in 1956 when the property was deeded to the Biglers.

From 1956 to 1964 the property appeared on the tax rolls and the persons possessing the land paid the taxes. In 1964 the property was taken off the tax rolls.

In 1963, the Biglers discovered there was a cloud on the title when they tried to mortgage the property. They filed a quiet title action naming all persons in the chain of title. However, neither the county nor the state were ever made a party to this action. Eventually, title was quieted in the Biglers.

In 1964, relative to a condemnation action, the Biglers' attorney, Mr. Paul Rees, had an understanding with the then Graham County attorney wherein the county would deed the 20 acres to the Biglers if they gave the county certain flowage easements. The 20 acres were not part of the property being condemned. This agreement was not finalized at that time. In 1967 Mr. Rees sent a letter to the new county attorney, Max Layton, recounting his agreement pertaining to the 20 acres and asking Mr. Layton to have the county quit claim the land to the Biglers. Repeated requests to the county to deed the property were of no avail. Mr. Layton told the board of supervisors that Bigler would prevail if a lawsuit were filed against the county and urged the board to prepare and give a deed to the Biglers. The county manager advised the board against such action and although the board instructed Mr. Layton to prepare a deed, no deed was ever signed by the board despite the Bigler's constant efforts to secure one.

In 1976 the property was sold at public sale to the Dowdles. The Biglers filed a complaint for "recovery of real property and constructive trust" against the Dow-dles, Graham County and its board of supervisors. The Dowdles filed a forcible entry and detainer complaint against the Biglers and also a counterclaim and cross claim in the Biglers' action. The two cases were consolidated for trial.

The actions were tried to the court sitting without a jury which stated, inter alia, in its findings of fact and conclusions of law that the Biglers acquired title to the property by adverse possession since the property was not being "used" by the county in its governmental capacity. The trial court also found that the county had agreed to deed the property to the Biglers.

■ It is clear that the Biglers could not acquire title by adverse possession. Ever since the 1930 tax sale, the property was owned by the state and not the county.[1]

■ A.R.S. Sec. 12–510 provides that the state shall not be barred by the limitations of action relating to real property. Adverse possession does not run against the state. Furthermore, the state, in taking title to property for non-payment of taxes, acts solely in aid of the taxing authorities in collecting taxes against the property and for that purpose takes title to the property in its governmental capacity and not as a proprietor. County of *Pinal v. Pomeroy*, supra. Adverse possession does not run against the government in such circumstances. Cf. *Broadhurst v. American Colloid Company*, 85 S.D. 65, 177 N.W.2d 261 (1970).

■ The Biglers claim that the county was estopped to deny them their title because the county's action prevented them from filing the lawsuit at an earlier date since they were led to believe they would be deeded the property. This argument is without merit. Assuming arguendo that an estoppel in pais could apply here, there was never a detrimental change of position by the Biglers since even if they had instituted a lawsuit at an earlier date, they would not

1. See Chapter 46, Sec. 17 1929 Session Laws. See also County of *Pinal v. Pomeroy*, 60 Ariz. 448, 139 P.2d 451 (1943). The mention of

"Graham County" in the deed to the state was surplusage.

and could not have prevailed under any legal theory.

The state held the property in trust with the power and obligation to sell it and apportion the proceeds to the taxing authorities entitled thereto. *County of Pinal v. Pomeroy*, supra. The county did not have the power to deed this property to the Biglers in compromise of the condemnation action and never did so by a formal resolution. Persons dealing with public offices are bound, at their peril, to know the extent and limits of their power and no right can be acquired except that predicated upon authorized acts of such officers. *County of Pinal v. Pomeroy*, supra. The Biglers never acquired an interest in the property.

In view of our disposition, the cross-appeal filed by the Biglers is moot and is dismissed.

The judgment is reversed and the trial court is ordered to enter judgment quieting title in the Dowdles.

HATHAWAY, C. J., and BIRDSALL, J., concur.