NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

---

CITY OF CHANDLER, *Plaintiff/Appellee*,

*v.*

CHANDLER IMPROVEMENT COMPANY, *Defendant/Appellant*.

No. 1 CA-CV 17-0771
FILED 12-4-2018

---

Appeal from the Superior Court in Maricopa County
No. CV2016-092938
The Honorable David M. Talamante, Judge

**AFFIRMED**

---

COUNSEL

Chandler City Attorney's Office, Chandler
By Jenny J. Winkler
*Counsel for Plaintiff/Appellee*

Francis J. Slavin PC, Phoenix
By Francis J. Slavin, Daniel J. Slavin, Jessica L. Dorvinen
*Counsel for Defendant/Appellant*

---

**MEMORANDUM DECISION**

---

Presiding Judge Jennifer M. Perkins delivered the decision of the Court, in which Chief Judge Samuel A. Thumma and Judge Lawrence F. Winthrop joined.

---

**P E R K I N S**, Judge:

¶1     Chandler Improvement Company ("CIC") appeals from a final judgment for quiet title, on cross-motions for summary judgment, in favor the City of Chandler (the "City"). For the following reasons, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2     The City sued CIC, a defunct Arizona corporation, seeking to quiet title for two alleys depicted on a "Map of the Townsite of Chandler" ("Townsite Map") recorded by the Mesa Improvement Company ("MIC") in June 1912. The Townsite Map reflected, *inter alia*, the creation of residential lots, streets, and alleys. The Townsite Map "laid out" the Town of Chandler and, in doing so, made certain express dedications, including stating that MIC:

> hereby dedicates to the public use all streets, avenues, roads and alleys thereon shown, but expressly saving and reserving to the said Corporation its successors and assigns the right to lay, construct and maintain, service utility pipes, ducts, conduits, electric light and telephone lines, and Street Railways upon and within all said streets, avenues, alleys and roads.

Ownership of the dedicated roadways vested in Maricopa County until the City incorporated in 1920, when it passed by operation of law to the City. *See Moeur v. City of Tempe*, 3 Ariz. App. 196, 198–99 (1966).

¶3     In 1913, MIC changed its name to CIC. Between 1913 and 1938, CIC sold several of the platted lots to individual owners. Deeds for many of these lots stated that "title to all streets and alleys bordering on said parcel of land is reserved to and remains vested in the said Company, its successors and assigns." In 1944, CIC dissolved as a corporate entity.

¶4          Previous litigation between Chandler and CIC held that CIC had no title to other roadways derived from the same Townsite Map. In *Chandler Unified School District, et al., v. Chandler Improvement Co., LLC*, 1 CA-CV 08-0445 and 1 CA-CV 08-0611 (Consolidated), 2010 WL 681658 (Feb. 25, 2010) (mem. decision) ("First Lawsuit"), CIC claimed a reversionary interest in certain roadways. The trial court ruled in favor of the City and we affirmed, concluding that CIC "had no ownership interest in the roadways after the 1912 dedication" and therefore the "subsequent deed reservations were of no effect." *Id.* at *9, ¶¶ 39–40. The Arizona Supreme Court denied CIC's petition for review and the mandate in the First Lawsuit issued in early 2011.

¶5          Similarly, in *Chandler Improvement Co., LLC v. Desert Viking DV Townhomes, LLC, et al.*, CA-CV 08-0452, 2010 WL 681661 (Feb. 25, 2010) (mem. decision) ("Second Lawsuit"), we affirmed a judgment rejecting CIC's demand that Desert Viking and the City cede title to certain vacated streets and alleys based on CIC's claim that title reverted to CIC when the City vacated the roadways.  We again concluded that CIC did not possess any ownership interest in the streets and alleys after the 1912 dedication. And, again, the Arizona Supreme Court denied CIC's petition for review and the mandate in the Second Lawsuit issued in late 2010.

¶6          In the case at bar, the City filed an action for quiet title of two specific alleys depicted in the Townsite Map ("Alleys"). There is no dispute that the City is the fee simple owner of the Alleys.  CIC, however, claimed that it "retained all of the contingent reversionary interest (reversionary title) in and to the" Alleys if the City "vacated (abandoned), sold/vacated or exchanged [them] in the manner provided by law."

¶7          On cross-motions for summary judgment, the City argued that the judgments entered in the First and Second lawsuits bar CIC's assertions by *res judicata* or collateral estoppel, while CIC argued it held a contingent reversionary interest in the Alleys, the City lacks standing, and the dispute is not ripe because the City has not yet abandoned or vacated the Alleys. CIC also moved to join a third party developer that owns the abutting lots to the Alleys, contending it was an indispensable party. *See* Ariz. R. Civ. P. 19.

¶8          The superior court concluded the City has standing, the issue is ripe because CIC's claim has created a cloud to the title, and CIC has no reversionary interest in the Alleys based on the 1912 recording of the plat. The court then denied CIC's joinder motion as moot and CIC timely appealed.

## DISCUSSION

### I. The City Has Standing and the Dispute is Ripe.

¶9 CIC challenges the City's standing, and argues that the issue is not ripe for consideration because the City has not yet abandoned the Alleys.

¶10 The City has standing to bring this quiet title action if it has or claims an interest in the real property in dispute. Ariz. Rev. Stat. ("A.R.S.") § 12–1101(A). The City is the fee simple owner of the Alleys, meaning it has standing to bring this quiet title action against CIC, which claims an interest adverse to the City. *See id*. For similar reasons, and because the City claims to have suffered "a distinct and palpable injury," the dispute also is ripe. *Stauffer v. U.S. Bank Nat. Ass'n*, 233 Ariz. 22, 28, ¶25 (App. 2013)*; see also Town of Gilbert v. Maricopa Cty.*, 213 Ariz. 241, 244, ¶ 8 (App. 2006) (noting "[r]ipeness is analogous to standing").

### II. Issue Preclusion Bars CIC from Claiming a Reversionary Interest in the Alleys.

¶11 Issue preclusion "bars a party from relitigating an issue identical to one he has previously litigated to a determination on the merits in another action." *S. Point Energy Ctr., LLC v. Arizona Dep't of Revenue*, 241 Ariz. 11, 14, ¶9 (App. 2016) (citing *Barassi v. Matison*, 134 Ariz. 338, 340, (App. 1982)). A party claiming issue preclusion must show: (1) the issue was actually litigated in a prior proceeding; (2) the parties had a full and fair opportunity and motive to litigate the issue; (3) a valid and final decision on the merits was entered; (4) resolution of the issue was essential to the decision; and, when invoked offensively, (5) there is common identity of the parties. *Campbell v. SZL Properties, Ltd.*, 204 Ariz. 221, 223, ¶¶ 9–10 (App. 2003) (citing *Garcia v. Gen. Motors Corp.*, 195 Ariz. 510, 514, ¶ 9 (App. 1999)).

¶12 All five elements are present here. Whether CIC retained reversionary rights was litigated and resolved against CIC on the merits by final judgments in the First and Second Lawsuits. *Chandler Unified,* 1 CA-CV 08-0445, 1 CA-CV 08-0611 at *5–*9, ¶¶ 21–38; *Chandler Improvement Co.,* 1 CA-CV 08-0452 at *4–*8, ¶¶ 15–33. CIC had a full and fair opportunity to litigate whether it preserved reversionary rights. *Chandler Unified*, 1 CA-CV 08-0445, 1 CA-CV 08-0611 at *1–*4, ¶¶ 4–18; *Chandler Improvement Co.* 1 CA-CV 08-0452 at *1–*3, ¶¶ 4–12. The determination that CIC had no reversionary rights was essential to the judgments and resolved the disputes in the First and Second Lawsuits. *Chandler Unified*, 1 CA-CV 08-

0445, 1 CA-CV 08-0611 at *9, ¶ 38; *Chandler Improvement Co.* 1 CA-CV 08-0452 at *8, ¶ 33. Finally, CIC and the City were adverse parties in the First and Second Lawsuits, with the City being a plaintiff in the First and a defendant in the Second. *Chandler Unified*, 1 CA-CV 08-0445, 1 CA-CV 08-0611 at *1, ¶ 4; *Chandler Improvement Co.* 1 CA-CV 08-0452 at *1–*2, ¶¶ 4–7. On this record, issue preclusion bars CIC from litigating for a third time whether it has a reversionary interest in the roadways. It also rendered moot CIC's joinder motion before the trial court. Accordingly, the trial court properly entered summary judgment in favor of Chandler and against CIC. *See* Ariz. R. Civ. P. 56(a) (2017).

## ATTORNEY FEES AND COSTS

**¶13** CIC requests its attorneys' fees and costs under § 12-1103(B). CIC's request is denied. The City requests its attorney fees and costs on appeal under A.R.S. §§ 12-349 and -1103. At the time CIC filed this appeal, both CIC and its attorney, Francis J. Slavin, knew that this issue had been fully litigated in the First and Second Lawsuits. *See* A.R.S. § 12-350(3). We find this appeal to be frivolous and without substantial justification. A.R.S. § 12-349(A)(1), (F); Ariz. R. Civ. App. P. 25; *see Abril v. Harris*, 157 Ariz. 78, 81 (App. 1987). Accordingly, we award the City its reasonable attorney fees and taxable costs on appeal, to be paid by CIC and Francis J. Slavin jointly and severally upon the City's compliance with Arizona Rule of Civil Appellate Procedure 21. A.R.S. § 12-349(B), (E); Ariz. R. Civ. App. P. 25; *see Ariz. Bank v. Wells Fargo Bank, N.A.*, 148 Ariz. 136, 141 (App. 1985).

## CONCLUSION

**¶14** Because CIC's claim to reversionary interests in the Alleys is barred by issue preclusion, the judgment is affirmed.

