NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

COUNTY FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, et al., *Plaintiffs/Appellees*,

*v.*

DAVID BERREY, *Defendant/Appellant*.

No. 1 CA-CV 21-0247
FILED 2-17-2022

Appeal from the Superior Court in Maricopa County
No.  CV2019-001517
CV2020-003452
The Honorable M. Scott McCoy, Judge

**AFFIRMED**

COUNSEL

Maricopa County Attorney's Office, Phoenix
By Wayne J. Peck, D. Chad McBride, Joseph J. Branco
*Counsel for Plaintiff/Appellee Flood Control District of Maricopa County*

David Berrey, Fairbanks
*Defendant/Appellant*

COUNTY FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, et al.
v. BERREY
Decision of the Court

---

## MEMORANDUM DECISION

Judge Brian Y. Furuya delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Michael J. Brown joined.

---

**F U R U Y A**, Judge:

¶1 David Berrey appeals the superior court's grant of summary judgment in favor of the Flood Control District of Maricopa County (the "District") concluding that a public roadway easement exists on certain properties. For the following reasons, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2 In 1956, Emanuel and Lilly Willis ("Willis") executed and recorded a quit-claim deed (the "Willis Deed") conveying to Maricopa County and designating "for street purposes" real property with the following description:

> The South 30 feet; the West 30 feet; and the East 40 feet of Lot 1, or the Northeast quarter of the Northeast quarter of Section 4, Township 1 North, Range 7 East of the Gila and Salt River Base and meridian, Maricopa County, Arizona.

¶3 In 2015, Berrey brought an adverse possession lawsuit against Willis' estate and obtained a default judgment granting him ownership of the above-described property. The relevant properties are now designated by the Maricopa County Assessor's Office as APN 219-30-012, APN 219-30-013, and a portion of APN 219-30-007D (collectively, the "Properties").

¶4 In 2020, the District filed a civil action for declaratory relief seeking confirmation that the Properties are "encumbered by an easement for street purposes dedicated to the public." The District filed for summary judgment, and Berrey opposed the motion arguing that the Properties were not subject to a public use easement.

¶5 The court granted summary judgment, ultimately entering an Arizona Rule of Civil Procedure 54(c) judgment in favor of the District concluding that the Properties are encumbered by an easement dedicated

COUNTY FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, et al.
v. BERREY
Decision of the Court

to the public for street purposes. Berrey timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes ("A.R.S.") §§ 12-120.21(A)(1) and -2101(A)(1).

## DISCUSSION

**¶6**     We review the entry of summary judgment de novo, viewing the evidence in the light most favorable to Appellant as the non-prevailing party. *Hunt v. Richardson*, 216 Ariz. 114, 118, ¶ 8 (App. 2007). Summary judgment is appropriate when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Ariz. R. Civ. P. 56(a); *See Kadlec v. Dorsey*, 224 Ariz. 551, 553, ¶ 12 (2010).

**¶7**     Appellant contends summary judgment was improper because under the Willis Deed only Maricopa County could construct a road, and "a road is required before public use can be found." Appellant cites to no relevant supporting authority for his contention, arguing instead that this principle "flows from logic." Appellant's lack of supporting authority and failure to develop his argument constitutes waiver, and we therefore do not address its merits. *See Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491, ¶ 6 n.2 (App. 2007); ARCAP 13(a)(7).

**¶8**     Appellant further argues the language of the Willis Deed did not create a public use. The District's motion for summary judgment and the court's analysis focused on principles of common law dedication. While the fee remains with the dedicator in a common law dedication, the fee passes from the dedicator to a government entity in a statutory dedication. *Moeur v. City of Tempe*, 3 Ariz. App. 196, 199 (1966) (citations omitted). Here, the Willis Deed conveyed "all right, title, or interest" in the Properties to Maricopa County. However, Appellant purports to have obtained title to the Properties through adverse possession—the legality of which acquisition is not before us. *Cf. Edwards v. Sheets*, 66 Ariz. 213, 218 (1947); *Bigler v. Graham Cnty.*, 128 Ariz. 474, 476 (App. 1981). Ultimately, our statutes "contemplate the common law modes of dedication," *Yuma Cnty. v. Leidendeker*, 81 Ariz. 208, 213 (1956), and "[a]n effective dedication of private land to a public use has two general components—an offer by the owner of land to dedicate and acceptance by the general public." *Pleak v. Entrada Prop. Owners' Ass'n*, 207 Ariz. 418, 423–24, ¶ 21 (2004) (citations omitted).

COUNTY FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, et al.
v. BERREY
Decision of the Court

¶9            Our supreme court has rejected the notion that roads by their very nature invite public use—choosing instead to preserve "the burden of proof on the party asserting a dedication to public use." *Kadlec*, 224 Ariz. at 552–53, ¶¶ 8–11. Appellant argues the Willis Deed needed express language to establish public use, but "[n]o particular words, ceremonies, or form of conveyance is necessary to dedicate land to public use" so long as the "intent of the donor to dedicate" can be fully demonstrated. *Pleak*, 207 Ariz. at 424, ¶ 21. Here, the intent of the Willis Deed is fully demonstrated by Willis' relinquishment of ownership to a government entity and the express statement that the land was to be used "for street purposes."

¶10           Further, Appellant concedes "the land was offered by the Willises to Maricopa County" but maintains the offer was meaningless without the county's acceptance. But Maricopa County's acceptance is irrelevant here because "it is unnecessary for a governmental entity to formally accept a dedication in order to validate that dedication." *Hunt*, 216 Ariz. at 119, ¶ 14. Rather, we look to acceptance by the general public. *Pleak*, 207 Ariz. at 423–24, ¶ 21 (citations omitted). Such acceptance can be demonstrated by actual use of nearby residents. *See Pleak*, 207 Ariz. at 425, ¶ 26 & n.4; *Hunt*, 216 Ariz. at 120, ¶ 18. Here, actual use was established by affidavits outlining use of the Properties dating back to the 1960s, and Appellant's affidavit did not refute any evidence occurring before 2015. Thus, even if the superior court were to have accepted Appellant's affidavit as true, there was no dispute as to any use predating Appellant's ownership of nearby properties—indicating a period demonstrating public use of the Properties that still spanned decades.

¶11           Acceptance can also be demonstrated by the sale of property when it expressly references a dedication. *See Leidendeker*, 81 Ariz. at 213–14; *Hunt*, 216 Ariz. at 120, ¶ 19. The record herein contains Willis' explicit references to his dedication in future property sales "for road purposes as conveyed to County of Maricopa." The act of selling these properties with reference to the Willis Deed resulted in an immediate and irrevocable dedication of the Properties. *See id.*; *see also Pleak*, 207 Ariz. at 424, ¶ 23 ("Our cases discussing common law dedications of [public use land] teach that the sale of lots referencing a recorded plat containing the dedication constitutes an 'immediate and irrevocable' dedication.") (citations omitted).

¶12           Finally, Appellant argues Maricopa County abandoned the Properties. The record only demonstrates that the "West Ten (10) feet of

COUNTY FLOOD CONTROL DISTRICT OF MARICOPA COUNTY, et al.
v. BERREY
Decision of the Court

the East Forty (40) feet of Lot 1" was abandoned in 1987 "without damage to the public or adjacent landowners." Appellant only briefly addressed abandonment as it relates to dedication by providing two citations to out-of-state cases. This analysis, however, ignores our established law on the issue. *See generally Palmer v. City of Phx.*, 242 Ariz. 158 (App. 2017) (reviewing the dedication and abandonment of a roadway dedicated to public use). Appellant's failure to meaningfully develop his argument or provide relevant citations constitutes waiver. *See Polanco*, 214 Ariz. at 491, ¶ 6 n.2; ARCAP 13(a)(7). Moreover, this evidence appears inconsistent with Appellant's claims that Maricopa County did not accept the Willis Deed and that there was no public interest in the Properties. If such were true, then there would be nothing to abandon.

¶13         Even viewing the facts in a light most favorable to Appellant, this record establishes that there was both an offer and public acceptance of the Willis Deed as conveyed to Maricopa County for a public use. Therefore, the elements of a public dedication were established. As such, there remained no genuine disputes as to any material fact, and the District was entitled to judgment as a matter of law on its claim for declaratory relief. *See* Ariz. R. Civ. P. 56(a).

## CONCLUSION

¶14         For the foregoing reasons, we affirm the superior court's grant of summary judgment finding that a public roadway easement exists on the Properties.



AMY M. WOOD • Clerk of the Court
FILED:     AA