141 P.3d 416

**The TOWN OF GILBERT, a municipal corporation; Howard Dendurent, Linda Abbott, Susan Brechbill, residents of the Town of Gilbert, Plaintiffs/Appellees,**

v.

**MARICOPA COUNTY, a political subdivision of the State of Arizona; Donna Davis, Marci Sale, Tony Hyland, as members of Islands Against Annexation and representing the interest of others similarly situated, Defendants/Appellants.**

**Nos. 1 CA–CV 06–0309.**

Court of Appeals of Arizona, Division 1, Department B.

Aug. 15, 2006.

---

Perkins Coie Brown & Bain, P.A. By Paul F. Eckstein, Jessica L. Everett–Garcia, Lauren J. Lowe, Phoenix, Attorneys for Plaintiffs/Appellees.

Andrew P. Thomas, Maricopa County Attorney By Bruce P. White, Deputy County Attorney, Kevin S. Costello, Deputy County Attorney, Phoenix, Meagher & Geer, P.L.L.P. By Gary L. Lassen, Thomas H. Crouch, Aaron S. Peterson, Scottsdale, Ryan Rapp & Underwood, P.L.C. By Ian A. Macpherson, Phoenix, Attorneys for Appellant Maricopa County.

Shughart Thomson & Kilroy, P.C. By Thomas K. Irvine, Phoenix, Attorneys for Appellants Davis, Sale and Hyland.

League of Arizona Cities and Towns By David R. Merkel, General Counsel, Tempe, Attorney for Amici Curiae.

## OPINION

PORTLEY, Judge.

¶ 1 Maricopa County, Donna Davis, Marci Sale, and Tony Hyland (collectively "Appellants") appeal the trial court's finding that House Bill 2145 ("HB 2145" or "the legislation") is unconstitutional. They request that we reverse the trial court's decision and declare the legislation constitutionally valid. For the following reasons, we affirm the trial court.

## FACTS AND PROCEDURAL HISTORY

¶ 2 The underlying facts of the case are undisputed. Rural Metro is a private company that provides fire and emergency response services. It advised the county island [1] residents within the Town of Gilbert ("Gilbert") that it would be discontinuing its services.[2] In response, the Arizona Legislature enacted HB 2145 [3] with an emergency provision, which was signed into law on February 13, 2006. *See* H.B. 2145, 47th Leg., 2nd Reg. Sess., § 7 (Ariz.2006).

¶ 3 The legislation creates the process for county island residents to create a county island fire district to obtain fire and emergency services. 2006 Ariz. Sess. Laws, ch. 2, §§ 2–4. It authorizes residents in a county island, which falls within the legislation's

---

1. A county island is an unincorporated pocket of land that is surrounded by a municipality, multiple municipalities, or a municipality and a reservation. *See generally Sanderson Lincoln Mercury, Inc. v. Ford Motor Co.,* 205 Ariz. 202, 206, ¶ 12, 68 P.3d 428, 432 (App.2003) (explaining that although the county island is surrounded by an incorporated municipality, it is not part of the municipality); *see also* H.B. 2145, 47th Leg., 2nd Reg. Sess. (Ariz.2006). The residents of the county islands do not pay taxes to the surrounding municipality and, therefore, do not receive municipal services. *See generally Laidlaw Waste Sys., Inc. v. City of Phoenix,* 168 Ariz. 563, 564, 815 P.2d 932, 933 (App.1991) (prior to annexation by the city, residents paid for their own private trash collection service, but after annexation, the city provided the service which was subsidized by taxes).

2. On November 2, 2005, Rural Metro indicated it would discontinue service to the county islands on July 1, 2006. The cutoff date has been extended until September 30, 2006.

3. House Bill 2145 amended Arizona Revised Statutes ("A.R.S.") sections 48–261 (Supp.2005), 48–803 (2000), 48–805 (Supp.2005), and 11–251.12 (Supp.2005). *See* H.B. 2145, 47th Leg. 2nd Reg. Sess., §§ 1–4 (Ariz.2006).

population-based classifications,[4] to petition to create a fire district, and authorizes the board of supervisors to create the fire district and appoint the initial members to the district. Id. Finally, the legislation directs for the provision of fire and emergency services, and how the district can attempt to secure a company to provide those services. Id. at §§ 2, 4.

¶ 4 After county island residents within Gilbert filed their petition to create a county island fire district, Gilbert and several residents (collectively "Appellees") filed a complaint requesting injunctive relief and a declaration that HB 2145 was an unconstitutional special law.[5]

¶ 5 The trial court, after a show cause hearing, ruled that the legislation violated Article 4, Part 2, Section 19 of the Arizona Constitution,[6] and granted injunctive relief. Appellants filed a notice of appeal, and we have jurisdiction pursuant to A.R.S. §§ 12–120.21(A)(1) (2003), 12–2101(B) (2003).

## DISCUSSION

¶ 6 Appellants contend that HB 2145 does not violate the Arizona Constitution or, alternatively, that it is a constitutional special law. They also challenge the Appellees' standing to bring the suit, and question the ripeness of the case. We address the issues of standing and ripeness first because they are threshold issues.

4. "The district may be ... located in an area that is within the 911 service provider district in which the largest city has a population of more than three hundred ninety-five thousand persons but less than five hundred thousand persons and that is located within ... a town with ... one hundred thousand or more persons...."
2006 Ariz. Sess. Laws, ch. 2, § 4.

5. Appellants also requested that the legislation be declared unconstitutional because it violated Article 2, Section 13 of the Arizona Constitution, the equal privileges and immunities clause. The trial court did not address that clause.

6. "No local or special laws shall be enacted in any of the following cases, that is to say: ... 20. When a general law can be made applicable."
Ariz. Const. art. 4, pt. 2, § 19(20).

## I.

¶ 7 Appellants argue that the case is not ripe and the Appellees lack standing because Gilbert is not now obligated to provide fire protection and emergency medical services to the county island residents.[7] We disagree.

¶ 8 Although the Arizona Constitution does not mandate "an actual 'case or controversy' in order to establish standing," Bennett v. Brownlow, 211 Ariz. 193, 195, ¶ 14, 119 P.3d 460, 462 (2005), "as a matter of sound judicial policy, ... persons seeking redress in the courts [must] first ... establish standing, especially in actions in which constitutional relief is sought against the government," Bennett v. Napolitano, 206 Ariz. 520, 524, ¶ 16, 81 P.3d 311, 315 (2003). Standing is established with the showing of a personal, palpable injury. See Sears v. Hull, 192 Ariz. 65, 69–70, ¶¶ 16–17, 961 P.2d 1013, 1017–18 (1998) (denying the Searses standing because they "alleged only generalized harm rather than any distinct and palpable injury"). Moreover, "[a]ny person[8] ... whose rights, status or other legal relations are affected by a statute, ... may have determined any question of construction or validity arising under the ... statute ... and obtain a declaration of rights, status or other legal relations thereunder." A.R.S. § 12–1832 (2003). Ripeness is analogous to standing because the "doctrine prevents a court from rendering a premature judgment or opinion on a situation that may never occur."

7. The individual Appellants argued that the trial court abused its discretion by denying their motion to dismiss the individual plaintiffs for lack of standing. The individual plaintiffs, as taxpayers, have standing to challenge the constitutionality of a statute that affects the expenditure of their municipal tax dollars. See Am. Fed'n of State, County & Mun. Employees, AFL–CIO, Council 97 v. Lewis, 165 Ariz. 149, 152–53, 797 P.2d 6, 9–10 (App.1990) (taxpayers "clearly have standing to challenge the constitutionality of [a statute] as well as the expenditure of monies ... in furtherance of the execution and administration of the statute").

8. "Person" includes a "municipal or other corporation of any character whatsoever." A.R.S. § 12–1843 (2003).

*Winkle v. City of Tucson,* 190 Ariz. 413, 415, 949 P.2d 502, 504 (1997).

¶ 9 After HB 2145 was enacted, county island residents filed their petition with the Maricopa County Board of Supervisors to form a county island fire district. The Board of Supervisors created the Gilbert County Island Fire District and appointed members to the initial district board on May 1, 2006. The creation of the county island fire district statutorily requires Gilbert to provide fire protection and emergency medical services to the county island residents. *See* 2006 Ariz. Sess. Laws, ch. 2, § 2 (amending A.R.S. § 48–261(H)) ("On formation of the [county island fire] district, the surrounding city or town shall provide fire protection services and emergency medical services to the district."). Therefore, the matter is ripe for adjudication.

¶ 10 Appellants argue that Gilbert is not required to provide fire protection and emergency medical services unless and until the district cannot secure a private company to provide the services. They, however, only focus on A.R.S. § 48–805(E)(3), disregarding A.R.S. § 48–261(H). The statutes should be read in conjunction with one another, giving meaning to both. *See Johnson v. Mohave County,* 206 Ariz. 330, 333, ¶ 11, 78 P.3d 1051, 1054 (App.2003) ("[C]ourts construe seemingly conflicting statutes in harmony when possible. . . . [G]iving effect to all statutes involved." (citation omitted)). When the rules of statutory construction are followed, it is clear that Gilbert is statutorily required to provide the services once the district is formed, and not only if the fire district cannot secure a private provider. Moreover, if the fire district cannot secure a private provider, Gilbert remains responsible for providing the services. *See* 2006 Ariz. Sess. Laws, ch. 2, § 4 (amending A.R.S. § 48–805(E)) ("If there are no responsive and qualified bidders . . . or if the service provider withdraws . . . the fire protection and emergency medical services shall be provided by the adjacent city or town."). Consequently, Gilbert has

standing to challenge the constitutionality of HB 2145.

## II.

¶ 11 We next address whether the legislation is constitutional. We review the constitutionality of a statute de novo. *City of Tucson v. Pima County,* 199 Ariz. 509, 515, ¶ 18, 19 P.3d 650, 656 (App.2001). Although, "[a] strong presumption in favor of a statute's constitutionality exists . . . . [we] will not refrain from declaring a legislative act an unconstitutional special or local law when the facts so require." *Republic Inv. Fund I v. Town of Surprise,* 166 Ariz. 143, 148, 800 P.2d 1251, 1256 (1990) (citations omitted). We will "accept the . . . findings of fact unless they are clearly erroneous, [however] we [will] draw our own legal conclusions." *Burnette v. Bender,* 184 Ariz. 301, 304, 908 P.2d 1086, 1089 (App.1995).

## A. Does HB 2145 Violate the Arizona Constitution, Article 4, Part 2, Section 19?

¶ 12 House Bill 2145 states in pertinent part that:

For a county island fire district formed pursuant to § 48–261, subsection H, the following apply:

1. The district may be formed only in county islands that are located in an area that is within the 911 service provider district in which the largest city has a population of more than three hundred ninety-five thousand persons but less than five hundred thousand persons and that is located within the municipal planning area of a town with a population of one hundred thousand or more persons as designated in the land use map of the municipality's general plan. The district may only be formed if the district contains all of the county islands that are prescribed in this paragraph and after compliance with the petition requirements prescribed by § 48–261, subsection H.

2006 Ariz. Sess. Laws, ch. 2, § 4 (amending A.R.S. § 48–805(E)).[9]

9. Currently, the only city and town that meet the legislation's population classifications are Mesa and Gilbert respectively. Therefore, only the county islands within Gilbert's municipal planning area fall within the legislation's parameters.

¶ 13 Appellants argue that the legislation does not violate our constitution, which states in pertinent part that "[n]o local or special laws shall be enacted ... [w]hen a general law can be made applicable." Ariz. Const. art. 4, pt. 2, § 19(20). A special law "applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate legislative purpose." *State Comp. Fund v. Symington*, 174 Ariz. 188, 192, 848 P.2d 273, 277 (1993) (quoting *Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 557, 637 P.2d 1053, 1060 (1981)).

¶ 14 A law is general, as opposed to special, if: "(1) the classification is rationally related to a legitimate governmental objective, (2) the classification is legitimate, encompassing all members of the relevant class, and (3) the class is elastic, allowing members to move in and out of it." *Long v. Napolitano*, 203 Ariz. 247, 253, ¶ 14, 53 P.3d 172, 178 (App.2002). All three prongs of the test must be satisfied in order for the law to be considered general. *City of Tucson v. Woods*, 191 Ariz. 523, 529, 959 P.2d 394, 400 (App.1997).

¶ 15 Here, there is clearly a legitimate governmental objective—to provide fire and emergency services to the county island residents. Moreover, the population designated in the legislation, the county island residents who will be losing their fire and emergency services, is rationally related to that objective. The legislation was enacted to assist the county island residents in solving the problem of their impending loss of services. Therefore, the first prong of the test is satisfied because the population classification is rationally related to the legislation's objective of providing fire and emergency services to those in need.

¶ 16 We next consider whether the legislation's classification is legitimate, encompassing all members of the relevant class. The legislation need not apply to "every person, place, or thing within the state; however it must apply uniformly to all cases and to all members within the circumstances provided for by the law." *Republic Inv.*, 166 Ariz. at 150, 800 P.2d at 1258.

¶ 17 In this case, it is undisputed that HB 2145, at this time, only applies to the county islands within Gilbert. No other community meets the population classifications specified in the legislation. Although this fact alone does not mean the legislation fails the second prong of the test, *see id.* ("A law may be general and still apply to only one entity, if that entity is the only member of a legitimate class."), there must be a rational reason why the scope of its application is limited. *See In re Cesar R.*, 197 Ariz. 437, 439, ¶ 6, 4 P.3d 980, 982 (App.1999) (finding it irrational for a statute to apply only to urban communities in two counties when the subject matter of the statute is a statewide concern).

¶ 18 The trial court heard evidence that there are other county island areas within Maricopa County that are without fire protection and emergency medical services because Rural Metro discontinued service to those areas. Although Appellants argue that exigent circumstances exist in Gilbert, they did not articulate why it is rational that the legislation does not include other similarly situated county islands. *See Woods*, 191 Ariz. at 530, 959 P.2d at 401 (finding that uniqueness of "age and degree of development" of a community is not a "legitimate and rational basis" for a statute to apply to that particular community and not to other similarly situated communities).

¶ 19 We agree that there is a rational reason for focusing on the Gilbert county islands due to Rural Metro's impending departure. That rationale, however, is undercut by the legislature's failure to include the county island residents of Tempe, Peoria, and Goodyear who are similarly situated to the county island residents of Gilbert, but do not have the ability to create their own county island fire district. Therefore, HB 2145 fails the second prong of the test.

¶ 20 The final prong of the test requires us to consider whether the class is sufficiently elastic to allow members to move in and out of it. "The legislature may construct a population-based classification that applies only to one county at the time of enactment." *Long*, 203 Ariz. at 258, ¶ 36, 53 P.3d at 183. However, population-based classifications that are tied to a "particular census or date is a typical form of defective closed class ...

because it is impossible for entities to enter or exit the class with changes in population." *Republic Inv.,* 166 Ariz. at 151, 800 P.2d at 1259.

¶ 21 In this case, the legislation includes two population-based classifications, but neither is tied to a particular date or census. The question becomes whether there is an actual probability that the legislation will eventually apply to other county islands. "Where the prospect is only theoretical, and not probable, we will find the act special or local in nature." *Id.*

¶ 22 Appellants contend that "given the demographics not only of Maricopa County but of other fast growing regions of the state, it is not merely theoretical, but likely to probable" that other county islands will be able to enter the class. They, however, provide no examples, theoretical or probable, of any county islands that will fall within the population-based classifications of the legislation. The trial court found that there are only four towns [10] with county islands that have a real possibility of reaching the requisite population of 100,000 in the next fifteen to twenty years. Three of the four towns, however, will not be located next to cities that meet the requisite population, and the fourth is located within two counties, thereby eliminating all four towns from ever coming within the legislation. *See* 2006 Ariz. Sess. Laws, ch. 2, §§ 2, 4 (amending A.R.S. § 48–261 and –805(E)).

¶ 23 The trial court heard evidence that the Town of Buckeye, currently located within Phoenix's 911 dispatch district, could theoretically join a district with the requisite population, but such a possibility would not occur until 2025. The remote possibility of only one other entity being able to enter the class in the next nineteen years is insufficient to satisfy the third prong of elasticity.

### B. Does HB 2145 Constitute a Constitutional Special Law?

¶ 24 Appellants argue that even if HB 2145 is deemed a special law, it is a constitutional special law. We, however, will not address this issue because Appellants raised it for the

first time on appeal. *Nat'l Broker Assocs., Inc. v. Marlyn Nutraceuticals, Inc.,* 211 Ariz. 210, 216, ¶ 30, 119 P.3d 477, 483 (App. 2005).

### III.

¶ 25 The individual Appellants seek to recover their costs and attorneys' fees pursuant to A.R.S. §§ 12–348 and –349 (2003). Because they are not the prevailing party, we decline to award costs and fees pursuant to § 12–348. We also decline their request for costs and fees pursuant to § 12–349 because they have not alleged or demonstrated that the Appellees' conduct warrants such an award. *See* A.R.S. § 12–349(A)(1)–(4).

### CONCLUSION

¶ 26 Although Appellants satisfied the first prong of the general law test, they did not satisfy the second or third prongs. Thus, HB 2145 is an unconstitutional special law. The trial court's ruling is affirmed.

CONCURRING: LAWRENCE F. WINTHROP and SUSAN A. EHRLICH, Judges.

---

10. Marana (Pima County), Sahuarita (Pima County), Queen Creek (Pinal County and Maricopa County), and Buckeye (Maricopa County).