318 P.3d 868

**James J. HAMM and Donna Leone Hamm, Plaintiffs/Appellants,**

v.

**Charles L. RYAN, Director, Arizona Department of Corrections, Defendant/Appellee.**

No. 1 CA–CV 12–0130.

Court of Appeals of Arizona, Division 1, Department C.

May 28, 2013.

As Amended Aug. 23, 2013.

James J. Hamm, Donna Leone Hamm, Tempe, Appellants In Propria Persona.

Thomas C. Horne, Arizona Attorney General By Eryn M. McCarthy, Assistant Attorney General, Phoenix, Attorneys for Appellee.

## OPINION

BROWN, Judge.

¶ 1 James J. and Donna Leone Hamm ("the Hamms") appeal the superior court's grant of summary judgment in favor of Charles L. Ryan, Director of the Arizona Department of Corrections ("ADOC"), upholding the constitutionality of a statute authorizing a background check fee imposed on individuals seeking to visit inmates in ADOC custody. For the reasons set forth below, we affirm.

## BACKGROUND

¶ 2 The relevant facts are undisputed. In April 2011, the Governor signed into law Senate Bill ("S.B.") 1621, which amended Arizona Revised Statutes ("A.R.S.") section 41–1604 by adding subsection (B)(3). S.B. 1621, 2011 Ariz. Sess. Laws, ch. 33 (1st Reg. Sess.). That subsection provides that the Director of the ADOC may

> [e]stablish by rule a one-time fee for conducting background checks on any person who enters a department facility to visit a prisoner. A fee shall not be charged for a

person who is under eighteen years of age. The director may adopt rules that waive all or part of the fee. The director shall deposit, pursuant to sections 35–146 and 35–147, any monies collected pursuant to this paragraph in the department of corrections building renewal fund established by section 41–797.

A.R.S. § 41–1604(B)(3) (2013).[1] S.B. 1621 also added § 41–797 (2013), which established the building renewal fund and provides, in pertinent part:

A. The department of corrections building renewal fund is established consisting of monies deposited pursuant to ... section 41–1604, subsection B, paragraph 3[.] The director of the state department of corrections shall administer the fund. Monies in the fund are subject to legislative appropriation and are exempt from the provisions of section 35–190 relating to lapsing of appropriations.

B. The director of the state department of corrections shall use the monies in the fund for building renewal projects that repair or rework buildings and supporting infrastructure that are under the control of the state department of corrections and that result in maintaining a building's expected useful life. Monies in the fund may not be used for new building additions, new infrastructure additions, landscaping and area beautification, demolition and removal of a building and, except as provided in subsection C of this section, routine preventative maintenance.

A.R.S. § 41–797.

¶ 3 Together, §§ 41–1604 and –797 give the Director authority to impose a background check fee and direct him to deposit the collected funds into the building renewal fund for the purpose of maintaining buildings and infrastructure controlled by ADOC. These statutory amendments became effective July 20, 2011. That same day, the Director established a $25 background check fee by amending Department Order 911

("DO 911"), which provides comprehensive procedures regulating inmate visitors. ADOC Department Order 911 (July 20, 2011).

¶ 4 In July 2011, the Hamms submitted applications, together with the required fees, to visit ADOC inmates. A short time later, the Hamms filed a complaint seeking a declaratory judgment that the "statutorily authorized fee" constitutes an unconstitutional tax, or alternatively, an unconstitutional special law.[2] As the constitutional authority supporting their claim, the Hamms cited the following provisions of the Arizona Constitution: "No local or special laws shall be enacted" in connection with "[a]ssessment and collection of taxes" or "[w]hen a general law can be made applicable." Ariz. Const. art. 4, pt. 2, § 19(9) and (20).

¶ 5 After considering cross-motions for summary judgment, the superior court upheld the constitutionality of § 41–1604(B)(3). In doing so, the court rejected the Hamms' arguments that (1) the statute constitutes special legislation in violation of the Arizona Constitution and (2) the $25 fee authorized by the statute is an unconstitutional tax. This timely appeal followed and we have jurisdiction pursuant to A.R.S. § 12–2101(A)(1) (2013).

## DISCUSSION

¶ 6 "We review de novo a grant of summary judgment determining the constitutionality of legislation and interpretation of statutes." *Ariz. Farm Bureau Fed'n v. Brewer,* 226 Ariz. 16, 19, ¶ 6, 243 P.3d 619, 622 (App. 2010). We presume "that statutes are constitutional unless shown to be otherwise." *Chevron Chem. Co. v. Superior Court,* 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982). "We will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions." *Id.*

---

1. Absent material revision after the relevant date, we cite the current version of statutes.

2. Consistent with A.R.S. § 12–1841 (2013), the Hamms served the Speaker of the House and the Senate President with the complaint and other

relevant court filings addressing the constitutionality of § 41–1604(B)(3). Neither the Speaker nor the President, however, has participated in this litigation.

■ ¶7 The Hamms argue that § 41–1604(B)(3) is an unconstitutional special law in violation of Article 4, Part 2, Sections 19(9) and (20). A statute is an unconstitutional special law if it fails to meet any of the following requirements: "(1) the classification is rationally related to a legitimate governmental objective, (2) the classification is legitimate, encompassing all members of the relevant class, and (3) the class is elastic, allowing members to move in and out of it." *Town of Gilbert v. Maricopa Cnty.*, 213 Ariz. 241, 246, ¶ 14, 141 P.3d 416, 421 (App.2006) (quoting *Long v. Napolitano*, 203 Ariz. 247, 253, ¶ 14, 53 P.3d 172, 178 (App.2002)). The Hamms argue that § 41–1604 does not meet the first two requirements.

■ ¶8 The Hamms assert that § 41–1604(B)(3) is not rationally related to a legitimate governmental objective. Specifically, the Hamms contend the statute lacks a direct connection between the purpose for which the assessment is imposed and a "service or benefit unique to the parties assessed." Arguing the statute can satisfy the first requirement only if there is a nexus between the stated purpose of the assessment and how the proceeds are spent, the Hamms contend the statute fails because the stated basis of the fee is for background checks on visitors, but the funds obtained from the assessment are diverted to a wholly different function: building renewal and maintenance.

¶9 Contrary to the Hamms' argument, Arizona law merely requires a rational relationship between a legitimate government objective and the statutory classification. *See Town of Gilbert*, 213 Ariz. at 246, ¶ 15, 141 P.3d at 421. Here, the legislature has a legitimate interest in recovering some of the costs that inmate visitors impose on the prison system. And because it is rational to assess inmate visitors as a class to recover those costs, the statute meets the first requirement of a valid general law. *See id.* Moreover, to the extent the Hamms assert that no legitimate government interest exists

because the $25 fee is used for purposes other than the direct cost of performing a background check, they have not cited, nor has our research revealed, any authority in support of their assertion that as a matter of constitutional law the name of a fee restricts the government's use of the proceeds.

¶ 10 The Hamms further contend that the classification is not legitimate because it does not encompass all of the relevant class. In the Hamms' view, accepting that the fee has a legitimate purpose, the relevant class of those subject to the fee should include all persons who use the prison facilities—including victims' rights groups, tour groups, law enforcement officers, and even prison staff—not just those who visit inmates. That argument is unpersuasive, particularly because proceeds of the $25 fee will be used, at least in part, to maintain inmate visitation facilities. Further, inmate visitation imposes special costs on the prisons that uses by other groups do not. Thus, the Hamms' argument that the class should be expanded to include *all* people who use the prison facilities ignores the varying costs associated with different groups' utilization of prison facilities. The classification is legitimate because it encompasses all of the relevant class and therefore the Hamms have failed to demonstrate that A.R.S. § 41–1604 is an unconstitutional special law.

■ ¶ 11 The Hamms assert, for the first time on appeal, that even if the $25 charge is a fee, it is unconstitutional.[3] The Hamms conceded in the superior court, however, that if the $25 charge is a fee, then the statute and fee are permissible. Indeed, in the section of the Hamms' reply to their motion for summary judgment titled "The Crucial Issue," they stated that "[i]f a fee, then the statute and the fee [are] permissible[.]" And the superior court's summary judgment ruling reflects its understanding that the Hamms believed "that if the charge is a fee, rather than a tax, then it is permissible." By

**3.** The standards for determining whether a legislatively imposed charge constitutes a fee or a tax are set forth in *May v. McNally*, 203 Ariz. 425, 55 P.3d 768 (2002). There, the supreme court indicated the classification is generally "determined by examining three factors: (1) the entity that imposes the assessment; (2) the parties upon whom the assessment is imposed; and (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed." *Id.* at 430–31, ¶ 24, 55 P.3d at 773–74.

arguing the reverse of their position in the superior court, the Hamms are making an argument they did not properly present to the superior court. Therefore, we find the Hamms have waived that argument. *See Sobol v. Marsh*, 212 Ariz. 301, 303, ¶ 7, 130 P.3d 1000, 1002 (App.2006) ("As a general rule, a party cannot argue on appeal legal issues and arguments that have not been specifically presented to the trial court.").

¶ 12 The Hamms also argue that the $25 charge is an unconstitutional tax. Because the Hamms fail to cite any constitutional provision supporting that assertion and otherwise do not adequately develop their argument, however, their conclusory allegations of unconstitutionality are waived. *See* AR-CAP 13(a)(6) (mandating that an appellate brief must set forth "[a]n argument which shall contain the contentions of the appellant with respect to the issues presented, and the reasons therefor, with citations to the authorities, statutes and parts of the record relied on"); ARCAP 13(d)(1) (requiring parties to reproduce relevant parts of constitutional and statutory provisions in their briefs when "determination of the issue presented requires the study" of those provisions); *Polanco v. Indus. Comm'n of Ariz.*, 214 Ariz. 489, 491 n. 2, 154 P.3d 391, 393 n. 2 (App. 2007) (refusing to address issue on the merits where party "cites no relevant supporting authority and does not develop" argument on appeal).

## CONCLUSION

¶ 13 For the foregoing reasons, we affirm the superior court's order granting summary judgment in favor of the Director because the Hamms failed to meet their burden of establishing that A.R.S. § 41–1604(B)(3) violates the Arizona Constitution.

CONCURRING: SAMUEL A. THUMMA, Presiding Judge and DIANE M. JOHNSEN, Judge.