HOWE, J.,
Specially Concurring.
¶ 20 I concur with the Majority’s conclusion that the Amendment fails the elasticity prong of the special law analysis as set forth in Republic Inv. Fund I v. Town of Surprise, 166 Ariz. 143, 149, 800 P.2d 1251, 1257 (1990). Even when a statutory classification is facially elastic, it nevertheless may be operationally inelastic if the prospect that another person or entity will enter the class “is only theoretical and not probable.” Id. at 151, 800 P.2d at 1259. The evidence before the superior court was that Pima and Pinal Counties — Arizona’s most populous counties after Maricopa County — will not meet the statute’s three million population threshold until the 22nd century, if ever. Under this circumstance, I agree that the statutory class is inelastic and therefore the Amendment is an unconstitutional special law.
¶ 21 I write separately, however, to express concern about this court’s interpretation of our supreme court’s “theoretical and not probable” language from Republic. The language must be considered in the context of the statute in that case. The statute established a class based on a city or town’s population as of the date of a particular census. Id. at 147, 800 P.2d at 1255. The class was by definition inelastic because it permitted no entrance or exit.
¶ 22 This court has been inconsistent with its interpretation of the “theoretical and not probable” language. Relying on this language, this court has held unconstitutional a statute that established a class defined by a population threshold that would not be met for nineteen years, Town of Gilbert v. Mari-copa County, 213 Ariz. 241, 247 ¶23, 141 P.3d 416, 422 (App.2006), as well as one that would not be met for ten years, In re Cesar, 197 Ariz. 437, 440 ¶ 9, 4 P.3d 980, 983 (App. 1999).[6] Relying on Republic’s context, however, this court has upheld as a general law a statute that established a two million county population threshold because it was not tied to a particular census and “any county may seemingly enter the class upon achieving the requisite population and may exit upon falling below that level.” Long v. Napolitano, 203 Ariz. 247, 258 ¶38, 53 P.3d 172, 183 (App.2002). Whether any other county’s population was projected to reach the statutory threshold in any time frame was apparently not considered.
¶23 Our inconsistent interpretations give the legislature no guidance on the elasticity prong’s meaning. Establishing statutory classifications requires line-drawing, which “is peculiarly a legislative task and an unavoidable one.” Massachusetts Bd. Of Retirement, 427 U.S. 307, 314, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976). The legislature may enact a statute that applies to one entity without being an unconstitutional special law, “if that entity is the only member of a legitimate class” and the class is elastic. Republic Inv., 166 Ariz. at 150, 800 P.2d at 1258. But which interpretation of “elastic” applies: the expansive interpretation of Long, or the cramped interpretation of Town of Gilbert and Cesar1 The legislature may have established the three million population threshold in this case based on our holding in Long. A more cautious legislature might have considered Town of Gilbert and Cesar in making its classification. But each decision remains *8 good law, and the legislature is at sea in deciding which to follow. Our decision today does not resolve this dilemma.
¶ 24 I agree with the Majority’s conclusion that the Amendment is unconstitutional because its application is based on a population threshold that the evidence shows may never be reached. But left unaddressed today is what time frame the legislature may rely upon to establish such a threshold. Although the legislature cannot gaze so far into the future that a population threshold becomes merely a distant expectation for succeeding generations, surely it cannot be constrained to focus myopically only on next year’s or the next decade’s population projections. How far the legislature can look ahead, however, depends on the meaning of the supreme court’s decision in Republic, and that is an issue only the supreme court can resolve.

. Interestingly, the courts' discussion of the elasticity of the statutory class was unnecessary in each case because the statutes in question failed other prongs of the special law analysis. Town of Gilbert, 213 Ariz. at 246 ¶ 17, 141 P.3d at 421 (statute did not encompass all members of the relevant class); Cesar, 197 Ariz. at 439 ¶6, 4 P.3d at 982 (limiting statute's application to Mar-icopa and Pima Counties was irrational classification).