NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

DAVID CRAIG ARNER, *Plaintiff/Appellant*,

*v.*

CHARLES L. RYAN, Director of Arizona Department of Corrections,
*Defendant/Appellee*.

No. 1 CA-CV 13-0562
FILED 5-7-2015

Appeal from the Superior Court in Maricopa County
No. CV2011-096782
The Honorable David K. Udall, Judge

**AFFIRMED**

COUNSEL

David Craig Arner, Florence
*Plaintiff/Appellant*

Arizona Attorney General's Office, Phoenix
By Eryn M. McCarthy
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge Kent E. Cattani delivered the decision of the Court, in which Judge Peter B. Swann and Judge Randall M. Howe joined.

---

**C A T T A N I**, Judge:

¶1        David Craig Arner appeals the superior court's summary judgment in favor of Charles A. Ryan, the Director of the Arizona Department of Corrections ("ADC"), upholding the constitutionality of Arizona Revised Statutes ("A.R.S.") § 31-230(D), which authorizes the ADC director to assess fees on deposits to prisoner spendable accounts.[1]  For reasons that follow, we affirm.

**FACTS AND PROCEDURAL BACKGROUND**

¶2        Arner is an ADC inmate.  Since 2011, ADC has assessed a one percent fee on all deposits to prisoner spendable accounts, including Arner's.  Arner challenges the constitutionality of the statute authorizing that assessment.

¶3        In 2011, the Arizona Legislature enacted A.R.S. § 41-797, establishing the Department of Corrections Building Renewal Fund.  *See* 2011 Ariz. Sess. Laws, ch. 33, § 13 (1st Reg. Sess.).  Under § 41-797(B), monies from the Building Renewal Fund are to be used for "projects that repair or rework buildings and supporting infrastructure that are under the control of the state department of corrections and that result in maintaining a building's expected useful life."

¶4        The Legislature contemporaneously amended A.R.S. § 31-230 to add a subsection authorizing the ADC director to assess fees on deposits made to prisoner spendable accounts and to deposit those fees in the Building Renewal Fund.  2011 Ariz. Sess. Laws, ch. 33, § 11; A.R.S. § 31-230(D).  Pursuant to the amended statute, the director may:

> [E]stablish by rule a fee for any deposits made to a prisoner spendable account.  The director shall deposit, pursuant to §§ 35-146 and 35-147, any monies collected pursuant to this

---

[1]        Absent material revisions after the relevant date, we cite to the current version of referenced statutes.

subsection in the department of corrections building renewal
fund established by § 41-797.

Under that statutory authority, Director Ryan issued formal Instruction 304 establishing a one percent assessment on all deposits made to prisoner spendable accounts.

¶5         Arner filed a complaint in superior court for special action and declaratory judgment challenging the constitutionality of the one percent assessment. After the parties filed cross-motions for summary judgment, the superior court granted Director Ryan's motion. Arner timely appealed, and we have jurisdiction under A.R.S. § 12-2101(A)(1).

**DISCUSSION**

¶6         Arner contends that A.R.S. § 31-230(D) is an unconstitutional "special law" that violates Article 4, Part 2, Section 19 of the Arizona Constitution, which provides that "[n]o local or special laws shall be enacted in any of the following cases, that is to say: . . . Assessment and collection of taxes. . . . When a general law can be made applicable." Arner further argues that the assessment is an improper tax, rather than a valid fee or assessment, and he requests that ADC be ordered to return all monies collected from his spendable account.

¶7         We review the constitutionality of legislative enactments de novo and begin with the presumption that the statute is constitutional. *See Planned Parenthood Ariz., Inc. v. Am. Ass'n of Pro-Life Obstetricians & Gynecologists*, 227 Ariz. 262, 268, ¶ 9, 257 P.3d 181, 187 (App. 2011). "We will not declare an act of the legislature unconstitutional unless we are satisfied beyond a reasonable doubt that the act is in conflict with the federal or state constitutions." *Chevron Chem. Co. v. Superior Court*, 131 Ariz. 431, 438, 641 P.2d 1275, 1282 (1982). We have "a duty to construe a statute so as to give it, if possible, a reasonable and constitutional meaning." *Ariz. Downs v. Ariz. Horsemen's Found.*, 130 Ariz. 550, 554, 637 P.2d 1053, 1057 (1981).

**I.    Section 31-230(D) Is Not a Special Law.**

¶8         Our constitution prohibits "special" laws. *See* Ariz. Const. art. 4, pt. 2, § 19. The purpose of this prohibition is "to prevent the legislature from providing benefits or favors to certain groups or localities." *State Comp. Fund v. Symington*, 174 Ariz. 188, 192, 848 P.2d 273, 277 (1993). A law is a special law if it "applies only to certain members of a class or to an arbitrarily defined class which is not rationally related to a legitimate

legislative purpose." *Ariz. Downs*, 130 Ariz. at 557, 637 P.2d at 1060. Conversely, a general law is one that "confers rights and privileges or imposes restrictions on all persons of a given class where the classification has a basis founded in reason." *State v. Loughran*, 143 Ariz. 345, 347, 693 P.2d 1000, 1002 (App. 1985); *see also Ariz. Downs*, 130 Ariz. at 557, 637 P.2d at 1060.

¶9          The Arizona Supreme Court has adopted a three-part test to determine whether a statute is a special or general law and, accordingly, whether it is constitutional. *See Gallardo v. State*, 236 Ariz. 84, 88, ¶ 11, 336 P.3d 717, 721 (2014). To satisfy this test, a statute must meet the following requirements: (1) the law must rationally relate to a legitimate legislative objective; (2) the classification must be legitimate, encompassing all similarly situated members; and (3) the class must be elastic, allowing members to move in and out of the class. *Id.* Section 31-230(D) meets all of these requirements.

¶10          First, the Legislature has a legitimate interest in repairing prison facilities and in recovering some of the cost of such repairs from the prisoners who use the facilities. *Cf. Hamm v. Ryan*, 234 Ariz. 152, 154, ¶ 9, 318 P.3d 868, 870 (App. 2013) (as amended) ("[T]he legislature has a legitimate interest in recovering some of the costs that inmate visitors impose on the prison system.").[2] The imposition of a one percent fee on a class of prisoners who use the facilities and who use a spendable account rationally relates to the legitimate governmental objective of repairing the buildings the prisoners use. Therefore, the statute satisfies the first requirement.

¶11          Second, the classification is legitimate and encompasses all members of the relevant class. A law is not "special" simply because it has limited application. *See Ariz. Downs*, 130 Ariz. at 558, 637 P.2d at 1061. "Such a law will be general if it applies to all cases and to all members of the specified class to which the law is made applicable." *Id.* Here, the Legislature has specified a class—all inmates who elect to make deposits to their prisoner spendable accounts. The fee assessed pursuant to A.R.S. § 31-230(D) applies to all the members of that specified class, and the monies assessed are used to refurbish the facilities in which the class members reside.

_____

[2]          In *Hamm*, we upheld the constitutionality of A.R.S. § 41-1604(B)(3), which imposes a background check fee on individuals visiting prison inmates. 234 Ariz. at 152, ¶¶ 1–2, 318 P.3d at 868.

¶12       Third, the class is elastic and allows members to move in and out of it. *See Long v. Napolitano*, 203 Ariz. 247, 258, ¶ 36, 53 P.3d 172, 183 (App. 2002) (stating that a classification meets the third prong of the test if it is sufficiently elastic to admit the entry of additional members and to enable the exit of others). Here, members move into the class when they enter the prison system and decide to deposit money into their prisoner spendable account. Members move out of the class when they leave the prison system or cease to make deposits.

¶13       Because § 31-230(D) satisfies the three-part test established by the Arizona Supreme Court to assess special legislation challenges, we conclude that the statute does not violate the special laws provision of Article 4, Part 2, Section 19 of the Arizona Constitution.

## II.       The Assessment Is a Fee, Not a Tax.

¶14       Arner argues that the assessment authorized by § 31-230(D) is not a fee, but rather an impermissible tax within the meaning of Arizona's constitutional prohibition on special laws related to assessment and collection of taxes. *See* Ariz. Const. art. 4, pt. 2, § 19(9). The Arizona Supreme Court has identified several factors to examine when determining whether an assessment is a fee or a tax:

> (1) the entity that imposes the assessment;
>
> (2) the parties upon whom the assessment is imposed; and
>
> (3) whether the assessment is expended for general public purposes, or used for the regulation or benefit of the parties upon whom the assessment is imposed.

*May v. McNally*, 203 Ariz. 425, 430–31, ¶ 24, 55 P.3d 768, 773–74 (2002) (citation omitted). Analyzing these factors, we conclude that the § 31-230(D) assessment is a fee.

### A.       ADC Imposes the Assessment.

¶15       An assessment is more likely to be a fee if it is imposed by a regulatory agency rather than by the legislature. *See Jachimek v. State*, 205 Ariz. 632, 636, ¶ 14, 74 P.3d 944, 948 (App. 2003) (explaining that the classic regulatory fee is imposed by an agency on the people subject to its regulation); *Bidart Bros. v. Cal. Apple Comm'n*, 73 F.3d 925, 931 (9th Cir. 1996) ("An assessment imposed directly by the legislature is more likely to be a tax than an assessment imposed by an administrative agency."). In this

case, the entity that has imposed the one percent assessment, ADC, is an agency authorized by the Legislature to oversee prisons and prisoners. *See* A.R.S. § 41-1602. This factor weighs in favor of characterizing the assessment on prisoner spendable accounts as a fee.

## B.     The Assessment Is Imposed Only Upon Prisoners.

**¶16**          An assessment is more likely to be a fee than a tax if it is imposed on a narrow class of people who are subject to regulation by the agency imposing the fee. *See Bidart Bros.*, 73 F.3d at 931 ("An assessment imposed upon a broad class of parties is more likely to be a tax than an assessment imposed upon a narrow class."); *Jachimek*, 205 Ariz. at 636, ¶ 15, 74 P.3d at 948 (holding that an assessment imposed against pawnbrokers located within certain boundaries was a fee).

**¶17**          Here, ADC imposes the assessment on a narrow group of people, *i.e.*, prisoners who deposit money in their prisoner spendable accounts. Accordingly, this factor also weighs in favor of concluding that the assessment is a fee.

**¶18**          Arner argues that the one percent assessment is a "forced contribution" and that there is no voluntary choice to move into the class. We disagree. The necessity of paying the assessment does not arise until a prisoner elects to make deposits to his or her spendable account. *Stewart v. Verde River Irrigation & Power Dist.*, 49 Ariz. 531, 545, 68 P.2d 329, 335 (1937) ("[A] fee is always voluntary, in the sense that the party who pays it originally has, of his own volition, asked a public officer to perform certain services for him."). Prisoners are not required to deposit monies into their spendable accounts. They choose to do so.[3]

---

[3]          Arner suggests that the one percent assessment undermines his First Amendment rights. In order to move out of the class "one would have to forego purchase of religious books and materials, politically-oriented newspapers and magazines, support of prison reform advocacy and other activities protected by First Amendment principles." Because Arner did not make this argument before the superior court and has not sufficiently raised and developed it on appeal, we decline to consider it. *See McDowell Mountain Ranch Land Coal. v. Vizcaino*, 190 Ariz. 1, 5, 945 P.2d 312, 316 (1997) ("[T]hese challenges were not properly raised below and thus we do not consider them here."); *Schabel v. Deer Valley Unified Sch. Dist. No. 97*, 186

### C.    The Monies Collected Benefit Prisoners.

**¶19**        Finally, an assessment is more likely to be a fee than a tax if it is placed in a special fund and used to benefit the people upon whom it is imposed.  *See Bidart Bros.*, 73 F.3d at 932 ("An assessment placed in a special fund and used only for special purposes is less likely to be a tax.").  In this case, the amounts assessed are deposited in the Building Renewal Fund.  The monies are used for the regulation and benefit of the parties upon whom the assessment is imposed.

**¶20**        The assessment here is imposed by ADC on prisoners and the monies assessed are used to benefit prisoners.  Accordingly, we conclude that the one percent assessment imposed on deposits to prisoner spendable accounts is a fee, not an improper tax.[4]

### CONCLUSION

**¶21**        For the foregoing reasons, we affirm the decision of the superior court.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

Ariz. 161, 167, 920 P.2d 41, 47 (App. 1996) ("Issues not clearly raised and argued in a party's appellate brief are waived.").

[4]        Arner also argues that the superior court failed to articulate "any legal analysis or legal reasoning in support of [its] decision."  The superior court was not required to do so do.  *See* Ariz. R. Civ. P. 52(a) (establishing that "[f]indings of fact and conclusions of law are unnecessary on decisions of motions under Rule 12 or 56").  Moreover, we will uphold the superior court's summary judgment if it was correct on any ground.  *See Aguirre v. Robert Forrest, P.A.*, 186 Ariz. 393, 397, 923 P.2d 859, 863 (App. 1996) ("Although the court did not specify its reasons for denying defendants' motion, we will affirm if its ruling was correct on any ground.").

7